, Argument for Appellant.

[No. 3,444.]

# EDWARD POLHEMUS v. RICHARD HEIMAN AND OSCAR GEORGE.

LATITUDE ALLOWED IN CONTRACT.—A contract to deliver about fifty-three thousand pounds of wool does not require the delivery of that exact number of pounds, but the vendor has a reasonable latitude allowed him as to the number of pounds he shall deliver.

DELIVERY OF GOODS BY VENDOR.—If the vendor delivers a less quantity of goods than he contracted to deliver, the vendee is at liberty to refuse to accept, and if he accepts a part, he may return that and refuse to accept less than the whole, but having received and retained a part, he cannot refuse to pay for the part received.

WARRANTY OF GOODS SOLD.—No particular words are necessary to constitute a warranty as to the character, condition, or quality of goods sold, but if the vendor, at the time of sale, affirms a fact as to the essential qualities of his goods, and the purchaser buys on the faith of such affirmation, it is an express warranty.

WARRANTY IN EXECUTORY CONTRACT.—There may be an express or implied warranty when the contract for the sale of goods is executory, as well as when it is executed.

DAMAGES FOR BREACH OF WARRANTY.—If the vendee accepts the goods sold when delivered by the vendor, and renders the vendor an account, it does not prevent the vendee from recovering damages for a breach of a warranty made by the vendor as to their quality, if the vendee thus accepted and rendered the account in ignorance of the true condition of the goods.

REMEDY OF VENDEE FOR BREACH OF WARRANTY.—If the vendor warrants the goods sold, and the vendee discovers after they are delivered that there has been a breach of the warranty, he is not compelled to return the goods, although he may do so and rescind the contract, but he is at liberty to retain them and bring an action for the breach of the warranty, or he may plead the breach in reduction of damages in an action brought by the vendor for the purchase money.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The facts are stated in the opinion.

*O' Melveny & Hazard*, and *A. A. Wilson*, for Appellant.

The contract was an express warranty. (1 Parsons on Contracts, 579, 580; Benjamin on Sales, 454.)

The warranty was as to the condition of the wool. (*Miller* v. *Van Tassel*, 24 Cal. 458; *Peck* v. *Armstrong*, 38 Barb. 215; *Ketchum* v. *Wells*, 19 Wis. 25; *Rook* v. *Hardy*, 41 Barb. 454; Chitty on Contracts, 592; *Whitney* v. *Sutton*, 10 Wend. 412.)

The vendee was not compelled to return the wool and rescind the contract, but may recover his damages without doing so. (*Warring* v. *Mason*, 18 Wend. 425; *Voorhees* v. *Earl*, 2 Hill, 288; *Flint* v. *Lyon*, 4 Cal. 17; *Miller* v. *Steen*, 30 Cal. 407; *Stoddard* v. *Treadwell*, 26 Cal. 303.)

*Glassell, Chapman & Smith*, for Respondent.

An account stated is conclusive, unless mistake or fraud is proven, and no evidence was offered tending to prove either. (*Truman* v. *Hurst*, 1 Durn. & East. 42; *Branger* v. *Chevalier*, 9 Cal. 361; 1 Saunders' Plead. and Ev. 33; 1 Abbott's, N. Y., Dig. 19, No. 1, et seq.; id. 21, n. 16; 1 Abbott's National Dig. 11.)

Defendants waived all objections to the character of the wool by accepting it, and retaining it after knowledge of its alleged defects. (*Reed* v. *Randal*, 29 N. Y. 360; *Hargous* v. *Stone*, 1 Selden, N. Y. 73; *McCormick* v. *Sarson*, 45 N. Y. 266; *Hart* v. *Wright*, 17 Wend. 278; 2 Kent's Com. 479; Benjamin on Sales, 442, 681, 673, 676–8, 684; Hilliard on Sales, 252; cases cited 7 Abbott's, N. Y., Dig. 563, n. 59, 60.)

Defendants' first point is, that there was a warranty contained in the contract. There is nothing, however, to justify such a proposition. It is clearly a simple case of executory contract, similar to the cases above cited. (Benj. on Sales, 213, 226, 442, 479, 681; *Hargous* v. *Stone*, 1 Selden, N. Y. 86; *Salisbury* v. *Stainer*, 18 Wend. 159.)

By the Court, BELCHER, J.:

The plaintiff entered into a written contract with the defendants, at the County of Los Angeles, in March, 1871, by which the plaintiff bound himself to deliver to the defendants, "in good order, in new sacks, and the fleeces tied, the following lots of wool, viz: one lot of about twenty-four thousand pounds, of six to seven months' growth; and one lot of about twenty-nine thousand pounds, of twelve months' growth—both to be as free of burs as any in this section of the county; the first to be delivered on or before the 20th of April, 1871; the latter on or before the 1st day of May, 1871."

And the defendants bound themselves to receive the wool either at San Diego City wharf, Anaheim Landing, or Wilmington, and to pay for it at the rate of nineteen and one half cents per pound.

Before any of the wool was received the defendants resold it to N. & H. Jacoby, with like representations as to the condition in which it should be received.

In pursuance of the contract the plaintiff delivered to the defendants, in the months of March, April, and May, 1871, forty-seven thousand three hundred and fifteen pounds of wool, which, without examination, was shipped to the Jacobys, at San Francisco.

After the wool was received in San Francisco it was examined, and a portion of it found to be very burry and dirty. The Jacobys claimed damages from the defendants on account of the bad condition of the wool, and received from them on a compromise nine hundred and thirty-two dollars and eighty-four cents on that account.

After the wool was all received by the defendants, but before it was examined in San Francisco, the defendants rendered to the plaintiff a statement, showing the quantity

received, and the dates of its delivery, and the balance due therefor at the price named in the contract.

The plaintiff brings this action to recover the balance of the purchase money, and the defendants, denying any indebtedness, claim judgment against the plaintiff by reason of an alleged breach of the express warranty contained in the contract.

The breach consisted in the failure to deliver the number of pounds stipulated for, and in delivering the forty-one thousand nine hundred and twenty-eight pounds in bad order, and in an unmerchantable condition, and not as free from burs as any in the section of the county where the contract was made.

It was also alleged in the answer that the account rendered, showing the amount due for the wool, was made and rendered by the defendants under a mistake as to the facts, and under an erroneous belief that the plaintiff had faithfully performed on his part the contract with defendants.

From the testimony it appeared—and there was no conflict—that a large part of the wool was not in good order and as free from burs as the contract required, but was so dirty and burry that it was worth from three to four cents per pound less than it would have been if delivered in good merchantable order.

Speaking of a lot of forty-three bales, one of the witnesses said: "We opened fifteen or twenty bales, and those we found actually containing the sweepings of the corral, and burs, dirt, and sand." Another witness spoke of one lot of thirty-two and of another of forty-three bales, saying: "It was not as called for by the contract; it was burry, very much so, very dirty, and very short." The testimony also tended to prove that when the defendants made out and rendered the account of the wool they were not informed as to its condition.

The Court, after stating to the jury that the contract con-

tained no warranty on the part of the plaintiffs, instructed them as follows:

"In this case it appears from the defendants' testimony that after knowledge of the defects in the wool they did not offer to return it, or notify the plaintiff to take it back. The plaintiff, therefore, is, upon the uncontradicted testimony in the case, entitled to recover the amount still due upon the contract; and the jury is therefore instructed to find for the plaintiff for such amount as they may from the evidence judge to be due for the wool actually delivered at nineteen and one half cents per pound."

The verdict was returned for the plaintiff, and the defendants have appealed from the judgment and from the order denying their motion for a new trial.

1. The defendants were not entitled to recover from the plaintiff the profits which they might have made upon the balance of the wool contracted for but not delivered. The contract was for two lots, making *about* fifty-three thousand pounds. It did not call for the delivery of the exact number of pounds specified. The vendors reserved to themselves a certain reasonable latitude in performance.

If, however, the quantity delivered was less than the quantity contracted for, the vendees were at liberty to refuse to accept it. And having accepted a part, they might have returned that and refused to accept less than the whole. But having received and retained a part, they cannot refuse to pay for the part accepted.

Mr. Benjamin states the rule upon this subject as follows: "If, on the other hand, the delivery is of a quantity less than that sold, it may be refused by the purchaser; and if the contract be for a specified quantity to be delivered in parcels, from time to time, the purchaser may return the parcels

first received, if the latter deliveries be not made, for the contract is not performed by the vendor's delivery of less than the whole quantity sold. But the buyer is bound to pay for any part that he accepts; and after the time for delivery has elapsed he must either return or pay for the part received, and cannot insist on retaining it without payment until the vendor makes delivery of the rest." (Benjamin on Sales, 512.)

2. We think the Court erred in instructing the jury that the contract contained no warranty, and in taking from them the question whether there had been a breach of the warranty. It is certain that no particular words are necessary to create a warranty. Any affirmation made at the time of sale as to the quality or condition of the thing sold will be treated as a warranty if it was so intended.

In *Chapman* v. *Murch*, 19 Johns. 290, it is said by SPENCER, Ch. J., that it is not necessary to constitute a warranty that the word warrant should be used. Any words of equivalent import, showing the intention of the parties that there should be a warranty, will suffice. Mr. PARSONS says it is enough if the words actually used import an undertaking on the part of the owner that the chattel is what it is represented to be, or an equivalent to such undertaking. (1 Parsons on Cont. 463.)

In *Henshaw* v. *Robins*, 9 Met. 83, there was a bill of sale in these words: "Henshaw & Co. bought of Thomas W. Sears & Co., two cases of indigo—two hundred and seventy-two dollars and thirty-five cents." The article sold was not indigo, but a substance composed of Prussian blue, chromate of iron, and potash. There was no fraud imputed to the seller, and the article was so prepared as to deceive skillful dealers in indigo. The naked question presented was whether the bill of sale contained a warranty that the article was indigo, and it was held, after a thorough examination of the cases, that it did. The Court said:

"To create an express warranty the word warrant need not be used, nor is any precise form of expression necessary, but every affirmation, at the time of the sale of personal chattels, amounts to a warranty.  *  *  *  No expression of an opinion, however strong, would import a warranty. But if the vendor at the time of sale affirms a fact as to the essential qualities of his goods in clear and definite language, and the purchaser buys on the faith of such affirmation, that we think is an express warranty. In the present case the bill of parcels affirms the article sold to be indigo."

In this case we think the words used in the contract may fairly import an undertaking on the part of the sellers that the wool, when delivered, should not be in an unmerchantable condition by reason of dirt and burs.

The contract was executory, but there was nothing in that fact to change the rule. There may be an express or implied warranty when the contract is executory as well as when it is executed. Nor would the account returned by the defendants, after the wool was all received, necessarily defeat their claim for damages. If made with a knowledge of the alleged defects it would be evidence only tending to show that the wool, when accepted, met the requirements of the contract, and that the present claim is an afterthought to avoid payment. If, however, the account was made in ignorance of the true condition of the wool, the defendants would not thereby be prevented from obtaining any relief which they would otherwise have been entitled to.

Having a warranty, the defendants were not required to return or offer to return the wool. If it was not what it was warranted to be they might have done so, and thus have rescinded the contract, but they were at liberty to retain it and bring an action for the breach of the warranty, or plead the breach in reduction of damages in any action brought

by the vendors for the purchase money.   (Benjamin on Sales, 680.)

Judgment and order reversed, and cause remanded for a new trial.