[No. 14504.    In Bank. — March 30, 1892.]

## WILLAMETTE STEAM MILLS LUMBERING AND MANUFACTURING COMPANY, RESPONDENT, *v.* UNION LUMBER AND SUPPLY COMPANY, APPELLANT.

SALE OF SPECIFIC QUANTITY — ACCEPTANCE OF A PART — LIABILITY OF BUYER. — Under a contract for the sale and delivery of a specified quantity of materials, if less than the quantity contracted for is delivered, the buyer may refuse to accept it, or if he has accepted a part, may return it and refuse to accept less than the whole; but if he accepts and retains a part, he is liable for its value.

MARKET PRICE, HOW SHOWN. — The price paid for the purchase of materials is not the criterion of their value, unless it be shown that the amount of the cost was necessary or reasonable.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Hughes & Gordon,* for Appellant.

*Sheldon Borden,* and *Johnston & Borden,* for Respondent.

McFARLAND, J. — The complaint contains two counts, — one for the value of certain posts and lumber alleged to have been sold by plaintiff to defendant, and delivered at Burwell, in Los Angeles County, and the other for certain other lumber sold and delivered by plaintiff to defendant, to be used in the normal school building. The court found that defendant was indebted to plaintiff on the first count in the sum of $722.59, and on the second count in the sum of $715.23, and rendered judgment for the plaintiff for the sum of said two amounts, viz., $1,437.82. Defendant appeals from the judgment, and from an order denying a new trial.

1. As to the first count, it appears that there had been a special contract between the parties, by which plaintiff was to deliver to defendant at Burwell 39,340 feet of fencing lumber, and 1,064 split posts, for $782.48, terms, " spot cash upon delivery of the total amount of lumber and posts." The plaintiff delivered nearly all of the lumber mentioned in the contract, and it was accepted and retained by defendant; but there was a dispute between the parties as to whether the total amount had been delivered, and defendant refused to pay anything, upon the theory that nothing was due until the total amount had been delivered, whereupon plaintiff commenced this action for the value of lumber sold and delivered. The court found that plaintiff had delivered all the lumber except 3,422 feet of the 39,430 feet of fencing which the contract called for.

The contention of appellant is, that as a portion of the lumber mentioned in the contract was not delivered, therefore nothing was due, and the action cannot be maintained. This contention involves the proposition that appellant could keep and use all the lumber received and retained by it without paying for it. There has been, no doubt, some conflict of authorities as to the rights of parties in the situation of the parties to this action; but the true rule is stated in the opinion of the court in *Polhemus* v. *Heiman*, 45 Cal. 577. In that case the contract was for the delivery of " about fifty-three thousand

pounds " of wool, and only 47,315 pounds had been delivered, but the defendants had retained the amount delivered.   The court, in discussing defendant's right to recover damages for the part not delivered, alludes to the want of exactness growing out of the use of the word " about," and then proceeds as follows: " If, however, the quantity delivered was less than the quantity contracted for, the vendees were at liberty to refuse to accept it.   And having accepted a part, they might have returned that and refused to accept less than the whole. But having received and retained a part, they cannot refuse to pay for the part accepted."

The only other point made by appellant as to the first count is, that the court erred in not allowing defendant enough for the 3,422 feet of lumber not delivered.   The court allowed $62.89, and it is contended that it should have been $82.62, because one of the defendant's witnesses testified that it cost defendant the latter sum to supply the lacking lumber.   But as defendant offered no evidence showing the value of the lumber, or that the amount of the cost of supplying it was necessary and reasonable, we are not warranted in disturbing the finding of the court on that point.

2.   There is no contention about the amount, the price, or the delivery of the lumber sued for in the second count.   The only point made by appellant is, that the amount to be paid for the lumber was not due, because, as contended, there was a custom or usage by which payment need not be made until sixty days after delivery of the lumber.

It is not necessary to consider here what the law is as to special customs, because the evidence about the existence of the custom contended for, and its application to the contract involved in this litigation, is not so free from conflict and uncertainty as to warrant us in disturbing the finding of the court that no credit was given. It is doubtful if the alleged custom, if it existed at all, was in vogue at the time of the contract, whether it was a mere courtesy or something which amounted to a defi-

nite credit of sixty days, or whether it was not confined to a particular association of which plaintiff was not a member.  Moreover, the alleged custom applied only to wholesale lumber dealers, and to contracts for entire cargoes; and we cannot say that the court erred in not finding from the evidence that the plaintiff was a wholesale dealer, and that the contract was for a cargo.  We see no ground for a reversal.

Judgment and order affirmed.

DE HAVEN, J., PATERSON, J., SHARPSTEIN, J., HARRISON, J., and GAROUTTE, J., concurred.