[L. A. No. 848.   Department Two. — August 15, 1901.]

## ONTARIO DECIDUOUS FRUIT GROWERS' ASSOCIATION, Respondent, v. CUTTING FRUIT PACKING COMPANY, Appellant.

Sales — Failure of Entire Contract — Delivery and Acceptance of Part — Waiver — Action for Goods Sold and Delivered. — Notwithstanding the failure of an entire contract for the sale of a specified quantity of goods, yet if the vendee accepts and retains part thereof delivered to him, he thereby waives the condition precedent as to the delivery of the remainder, and the vendor may recover the value of the part delivered, in an action for goods sold and delivered.

Id. — Sale of Minimum Quantity of Fruit — Failure from Drought — Impossibility of Full Performance — Non-liability for Damages. — Where a sale was made by plaintiff to defendant under a written contract for a minimum quantity of specific varieties of peaches growing and to be grown on specific orchards, which defendant's agents inspected, and which were so affected by an unex-

pected drought as to render full performance of the contract impossible, the non-performance thereof in full was excused, and the plaintiff is entitled to recover the value of all of the peaches grown, which were delivered to and retained by the defendant, with knowledge of the facts, and is not liable in damages, by way of counterclaim or otherwise, for failure fully to perform the contract, owing to *vis major*, without his fault.

ID. — SUBSTITUTION OF OTHER PEACHES. — The defendant could not require the plaintiff to substitute other peaches than those contemplated in the written contract, in performance thereof; nor thereby preclude a recovery for peaches already received and retained by the defendant.

ID. — PAROL EVIDENCE — IDENTIFYING SUBJECT OF CONTRACT — "SUNDRY ORCHARDS." — Where the written contract of sale called for a certain quantity of fruit from "sundry orchards in Ontario and Cucamonga," parol evidence was admissible to identify the subject of the contract, and to explain what orchards were meant.

ID. — PAROL AGREEMENT AS TO QUANTITY — HARMLESS RULING — IMPLIED CONDITION. — The admission of oral evidence, that it was agreed that the minimum quantity was not to be delivered unless it was grown on the plaintiff's orchards, is not prejudicial error. It could do no harm to prove by oral evidence that which was an implied condition of the agreement.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion.

Warren Olney, and Curtis & Curtis, for Appellant.

E. R. Annable, for Respondent.

GRAY, C. — This action was brought to recover the price of certain peaches sold and delivered under a contract in writing. The defendant set up as a defense non-compliance of plaintiff with the contract, and also a counterclaim on account of damages arising out of such non-compliance. The plaintiff had judgment, from which and from an order denying a new trial the defendant appeals.

The contract between the parties contains the following stipulations: "Seller has this day sold and agrees to deliver to buyer, f. o. b. cars at South Cucamonga, and buyer has bought and agrees to receive from seller, the peaches, to the extent named, grown during the year 1898 on the orchard or land known and described as follows: sundry orchards in

Ontario and Cucamonga, at the prices and on the terms and conditions named." Then follow the terms, showing the grades and varieties of peaches sold, the minimum and maximum quantities of each, and the price per ton, and then the contract proceeds as follows: "Deliveries shall be made between the twentieth day of July and the first day of September, 1898, and shall conform as far as possible to the mutual convenience of buyer and seller." Then follows a description of the fruit as to quality and size, and after that we quote again, "Payments shall be made as follows: One half the delivery value within ten days of the date of full delivery, and one half (the balance) of delivery value within thirty days of the date of final delivery, or the execution of all the terms of this contract by the seller." The contract is signed by the corporation plaintiff as the "seller," and the defendant corporation as the "buyer."

At the trial, it was shown by oral evidence, against the objection and exception of defendant, that the "sundry orchards" spoken of in the written contract referred to and was confined to orchards belonging to the stockholders of plaintiff.

It appears that the fruit crop in the districts mentioned in the contract promised well at the date of the making of said contract, and that in an ordinary year the orchards referred to therein would have produced sufficient fruit to carry out the contract, but before it was fully grown the season turned unusually dry and hot, and hot winds impaired the quantity and quality of the fruit to such an extent that it was impossible for plaintiff to furnish, from the orchards of its stockholders in the said districts mentioned in the contract, a quantity of fruit equal to one half of the minimum amount agreed to be furnished. Plaintiff did, however, furnish to defendant, and defendant received, such fruit as was grown on said orchards of the varieties and qualities described in the contract. When it was apparent that the varieties named in the contract could not be obtained from said orchards to the extent agreed upon, the defendant offered to accept "Salway" peaches in satisfaction of the contract, but the plaintiff failed to comply with this offer. "Salway" peaches were not mentioned in the contract.

The defendant places its contention for a reversal upon three grounds, as follows: 1. The plaintiff could recover

nothing without a full delivery of the minimum contract quantity of fruit, as such delivery was a condition precedent to the right to recover anything under the contract; 2. The court erred in permitting plaintiff to explain by oral evidence what was meant by "sundry orchards"; and 3. Plaintiff's refusal to furnish Salway peaches in accordance with defendant's request. ·

As to the first ground, we think that defendant should not be permitted to accept and retain the peaches of plaintiff, and yet refuse to pay for them. The defendant's agents had inspected the orchards of the stockholders of plaintiff, and it · must have known at the time it was receiving this fruit that it was impossible to comply strictly with the contract. The rule is, that "though a contract of sale be entire, and the seller deliver only a part of the goods bargained for, yet if the vendee retain such part, the vendor may recover the value of the part retained, in an action for goods sold and delivered." (*Clark* v. *Moore*, 3 Mich. 55.) The acceptance and retention of a part of the goods is treated as a waiver of the condition precedent as to the delivery of the rest of the goods. And where the sale is of specific goods, and the goods perish before delivery, without the fault of the vendor, the vendee has no right of action for failure to deliver on the part of the vendor. This rule applies, also, where it becomes impossible to deliver a part of the property sold, as is illustrated in the English case of *Howell* v. *Coupland*, L. R. 9 Q. B. 462. As to this case we quote from Benjamin on Sales (sec. 570) as follows: "The principle of *Taylor* v. *Caldwell*, 3 Benl. & D. 826, was applied to a case (*Howell* v. *Coupland*, L. R. 9 Q. B. 462) where the contract was to sell 'two hundred tons of potatoes, grown on land belonging to the defendant in Whaplode.' The potatoes were not in existence at the date of the contract, but the land, when sown, was capable, in an average year, of producing far more than the quantity of potatoes contracted for. There was a failure of the crop from disease, and the vendor was only able to deliver eighty tons. In an action for non-delivery of the residue, the defendant was held to be excused from further performance, on the ground that the contract was for a portion of a specific crop, and therefore subject to an implied condition that the vendor should be excused if, before breach, performance became impossible from the perishing, without default on his part, of the subject-matter of the contract."

In the case at bar, the sale having been of specific varieties of fruit growing and to be grown on specific orchards, and the orchards having been so far affected by the extraordinary drought that they did not produce sufficient fruit of the varieties named to comply with the contract, the plaintiff could be compelled to perform the contract only so far as it was possible for it to do so. It could not be made to perform impossibilities, nor was it liable in damages, by way of counterclaim or otherwise, for a failure to comply with its contract resulting from *vis major*, and not attributable to any fault on the part of said plaintiff. Nor could plaintiff be compelled to substitute other peaches than those contemplated in the original contract of sale. If the sale had been of a specific lot of horses, and half of them had died before delivery, I take it that no one would contend that the vendor could be compelled to substitute other horses before he could recover for such as the vendee had already received. The vendee having accepted a part of the fruit, it should pay for it at the agreed rate, and the loss of the other fruit is the misfortune of the vendee, as well as of the vendor, and neither is liable to the other on account of it. (*Dexter* v. *Norton*, 47 N. Y. 62.[1]) The furnishing of other peaches for those lost would be substituting a new sale, rather than substantially complying with the original contract of sale. There is nothing in *Remy* v. *Olds*, 34 Pac. Rep. 218, in any way conflicting with the foregoing principles.

There was no error in permitting plaintiff, by parol evidence, to identify the subject-matter of the contract. The expression, "sundry orchards in Ontario and Cucamonga," shows on its face that it was not the purpose of the contract to include all the orchards in the districts named, and it therefore became necessary to resort to oral evidence to explain what orchards were meant. (Benjamin on Sales, sec. 213; Taylor on Evidence, secs. 1194, 1195.) Nor was there prejudicial error in permitting it to be shown by oral evidence that defendant agreed at the time the contract was signed not to hold the plaintiff bound to deliver the minimum quantity mentioned in the contract unless that quantity was actually grown on the particular orchards embraced in the contract, because, as we have already seen, that condition could be fairly implied from the written agreement, and it could do no

---

[1] 7 Am. Rep. 415.

harm to prove by oral evidence that which was already estab-
lished by the written contract.

The judgment and order should be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment
and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.