[Civ. No. 715.   Third Appellate District.—August 5, 1910.]

D. O. HILLS and J. F. FITZGERALD, Copartners, etc., Respondents, v. EDMUND PEYCKE COMPANY, a Corporation, Appellant.

CONTRACT TO SELL ORANGE CROP—SUFFICIENCY OF COMPLAINT—DE-
LIVERY AND ACCEPTANCE OF PART—ACTION FOR BALANCE DUE.—
Under a contract to sell an orange crop estimated to contain twenty carloads, more or less, a complaint alleging the delivery to defendant of nine carloads, and its acceptance thereof by the defendant, and part payment therefor, and seeking to recover the balance due therefor, states a cause of action.

ID.—FURNISHING LESS ORANGES THAN CONTRACTED FOR—COUNTER-
CLAIM FOR DAMAGES.—If plaintiffs furnished less oranges than the contract called for, yet defendant would be liable for the value of the nine carloads which he received and accepted, subject to the right of defendant to set up a counterclaim for damages, if any, caused by the failure of plaintiffs fully to comply with the terms of the contract.

ID.—PLAINTIFFS NOT BOUND TO ANTICIPATE DEFENSE OR COUNTER-CLAIM.—The plaintiffs in their complaint were not bound to antici-pate or negative any defense or counterclaim on the part of the de-fendant.

ID.—DELIVERY OF PART OF GOODS SOLD—RIGHTS AND LIABILITY OF VEN-DEE.—If the vendor delivers a less quantity of goods sold than he contracted to deliver, the vendee is at liberty to refuse to accept the same, and if he receives a part, he may return that, and refuse to accept less than the whole; but if he receives and retains a part, he cannot refuse to pay for the part retained.

ID.—SUPPORT OF DECISION FOR PLAINTIFFS—BURDEN OF PROOF—ARBI-TRARY REJECTION OF SIX CARLOADS.—*Held,* that the decision for plaintiffs is sufficiently supported, and that the evidence establishes that plaintiffs were not liable for extra expenses incurred by de-fendant in filling the contract to deliver fifteen carloads of oranges; that plaintiffs offered to deliver fifteen carloads thereof, but that the defendant's inspector arbitrarily and unjustly rejected six car-loads thereof; that the burden of proof was upon the defendant to sustain its counterclaim for damages, by showing that such six car-loads were not up to the standard, and that such burden was not sustained as to the six carloads, as a whole, notwithstanding a very small part thereof was not up to grade.

ID.—JUST JUDGMENT—GOOD FAITH OF PLAINTIFFS.—It is held that, considering the whole record, the conclusion is inevitable that the judgment of the court for the plaintiffs was just, and ought not to be disturbed, if no principle of law requires it; and that the plaintiffs acted in the utmost good faith, and entirely in accordance with the intention of the parties.

ID.—CONSTRUCTION OF QUANTITY IN WRITTEN CONTRACT—WORDS "MORE OR LESS"—PAROL EVIDENCE.—When the written contract called for "twenty carloads, more or less," the words "more or less" are construed as providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, measure or weight; and the rule is that parol evidence is inadmissible to show that the parties intended otherwise than their words indicated.

ID.—EVIDENCE WITHOUT OBJECTION—ESTIMATE OF QUANTITY OF PLAIN-TIFFS' ORANGE CROP—SHRINKAGE FROM DRY WEATHER—NOTICE TO DEFENDANT.—Where evidence was admitted without objection to show that "twenty carloads of oranges, more or less," was merely defendant's estimate of the whole crop of oranges growing in the orange orchard of plaintiffs, it is apparent therefrom that the understanding was that the purchase related to such growing crop, and that the language used was merely an estimate of the quantity that might be gathered therefrom. The evidence further shows a shrinkage in the crop as the result of dry weather, and that defend-ant was notified thereof before any fruit was delivered.

14 Cal. App.—3

ID.—BASIS FOR REFORMATION OF CONTRACT.—If the pleadings had been properly framed, the court would have been entirely justified in reforming the contract so as to express the intentions of the parties, and in awarding judgment to the plaintiffs in accordance with such reformation.

ID.—EVIDENCE OF INTENTION PROVED WITHOUT OBJECTION—OBJECTION UPON APPEAL FOR FIRST TIME.—As the evidence of the intention of the parties to contract as to the whole orange crop of plaintiffs was proved without objection, it hardly becomes appellant now to contend upon appeal for the first time that the evidence was not within the issues raised by the pleadings. But it is held, in view of the judgment relating only to the nine carloads of oranges delivered and accepted, that it is unnecessary to hold that such objection cannot be made upon appeal.

ID.—WAIVER OF FINDINGS—IMPLIED FINDINGS—SUPPORT OF JUDGMENT. Where findings were waived, it is sufficient to support the judgment that the court was warranted by the evidence in finding that defendant received and accepted all of the nine carloads of oranges delivered to it by plaintiffs and paid for all but the last carload, for the price of which plaintiffs obtained judgment; that defendant suffered no damage at all by reason of plaintiffs' failure to perform the contract, or for any other reason, or at all. Such implied findings, taken with the admission of the pleadings, abundantly warrant the judgment.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial. K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

J. W. McKinley, and George Foster Jones, for Appellant.

Carleton Gray, for Respondents.

BURNETT, J.—The complaint was for the balance due on a contract for the sale of certain oranges by plaintiffs to defendant. The answer does not deny the execution of the contract set out in the complaint, but, by way of counterclaim, presents an offset for labels furnished by defendant to plaintiffs. There is also a cross-complaint for damages caused by plaintiffs' failure to furnish as much fruit as the agreement called for. Plaintiffs admitted the allegations in reference to the labels, but took issue with the cross-complaint. The action

was tried before the court and judgment was rendered in favor of plaintiffs, findings having been waived.

The claim for damages on the part of defendant is based on the contention that plaintiffs furnished only nine carloads of fruit of the quality prescribed, whereas they agreed to sell "twenty cars of seedling oranges, more or less," and that, relying upon said agreement, defendant contracted with its customers for the sale of fifteen carloads. The deficiency, so it is claimed, was supplied at an additional expense to defendant.

We think there is no merit in the contention that the complaint fails to state a cause of action. The position of appellant in that respect is that the complaint attempts to state a cause of action on a contract for an agreement to sell and deliver twenty carloads of fruit, which contract respondents claim they fulfilled by delivering nine carloads and no more. But this view ignores the allegation "that said defendant received and accepted all of said nine carloads of oranges so sold and delivered to it by plaintiffs as aforesaid." If plaintiffs did furnish less than the contract called for, yet defendant would be liable for the value of the nine carloads which it received and accepted, subject, of course, to the right of defendant to set up a counterclaim for damages, if any, caused by the failure of plaintiffs to comply fully with the terms of the contract. Manifestly plaintiffs, in their complaint, are not required to anticipate any such claim on the part of defendant. In *Polhemus* v. *Heiman,* 45 Cal. 573, it is said: "If the vendor delivers a less quantity of goods than he contracted to deliver, the vendee is at liberty to refuse to accept, and if he accepts a part, he may return that and refuse to accept less than the whole, but having received and retained a part, he cannot refuse to pay for the part received."

In *Willamette etc. Co.* v. *Union etc. Co.,* 94 Cal. 157, [29 Pac. 773], in approving the doctrine of the Polhemus case, it is said: "The contention of appellant is that, as a portion of the lumber mentioned in the contract was not delivered, therefore nothing was due, and the action cannot be maintained. This contention involves the proposition that appellant could keep and use all the lumber received and retained by it without paying for it. There has been, no doubt, some conflict of authorities as to the rights of parties in the situation of the

parties to this action; but the true rule is stated in the opinion of the court in *Polhemus* v. *Heiman,* 45 Cal. 577.'' The same principle is affirmed in *Ontario etc. Assn.* v. *Cutting etc. Co.,* 134 Cal. 21, [86 Am. St. Rep. 231, 66 Pac. 28].

The main reliance of appellant for a reversal, however, seems to be upon the position that the judgment is unsupported by the evidence. It is urged that it appears without conflict that defendant, by reason of plaintiffs' failure to comply with the contract, suffered loss as alleged in the cross-complaint. It does indeed appear that defendant, in order to fill its contracts with other parties, incurred a greater expense than if it had received all of the fruit from plaintiffs at the price agreed upon. But were plaintiffs responsible for this additional expense? The evidence shows that defendant sold to its customers fifteen carloads of oranges. Plaintiffs offered to deliver this number to defendant. It cannot be said, therefore, that plaintiffs are responsible for defendant's loss, at least, unless it was shown that the fruit rejected was inferior in quality to the standard required. The burden of proof as to this was, of course, cast upon defendant, as it was one of the material allegations of the cross-complaint. The only evidence upon the subject was furnished by plaintiffs, and this, of course, must be regarded in the light most favorable to the judgment of the trial court. In the examination of Mr. Hills, one of the plaintiffs, the following questions and answers appeared:

''Were those oranges which were rejected by their inspector of the same appearance, size and quality as the oranges called for by the contract? A. I would consider them so, the majority of them.

''Q. You said they were the same size and quality? A. Yes, sir, that is to all appearances. A person could not tell until after they cut all the oranges open whether they were or not. To all appearances they were.

''Q. Did the appearance indicate anything different from the appearance of the oranges they did take? A. No, sir, I don't think so to my opinion.

''Q. How many oranges were rejected by them? A. We figured we picked fully fifteen carloads of fruit and there was six carloads rejected. Out of that six carloads I think fully

four carloads was equally as good fruit as anything they got. All the oranges we had we sold to the defendant.''

There was no evidence more favorable to the appellant than the foregoing. It is apparent, therefore, that the trial court was justified in concluding that defendant's inspector acted arbitrarily and unjustly in rejecting six carloads of the oranges and furthermore, that while plaintiffs admitted that some of the oranges were not up to the standard, yet the proportion was very small and the evidence concerning it so indefinite that it could not be said that defendant had established this material allegation of its cross-complaint.

Indeed, considering the whole record, the conclusion is inevitable that the judgment of the court was just, and it ought not to be disturbed unless some plain principle of law requires it. The plaintiffs acted in the utmost good faith and entirely in accordance with the intention of the parties. It is true that the contract was reduced to writing, and called for ''twenty carloads, more or less,'' and the decisions are to the effect that the ''addition of the qualifying words 'about,' 'more or less,' and the like, in such cases is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, measure or weight.'' (*Brawley* v. *United States,* 96 U. S. 168.) The rule is also that parol evidence is inadmissible to show that the parties intended otherwise than the words indicate, but, as a matter of fact, plaintiff, Hills, testified without objection as follows: ''Well, I went in and talked about oranges and made them a price, I think to start with $1.30, and they said they would take it up and in the course of a day or so wanted to know if I would take $1.20 for seedlings, and I said 'Yes,' and Mr. Wilson then wrote up a contract for twenty cars flat not putting 'more or less' in. I said 'No,' I would not sign the contract, because we might not have five cars or might have fifteen or we might not have ten, but that they would get all the fruit we got, and we tore up that contract and wrote this contract, putting in 'twenty cars, more or less,' which was signed, and Mr. Peycke, after reading the signed contract over, said, 'Oh, that might mean one car,' and I said, 'You will have more than one car, Mr. Peycke. You will get all the fruit we get.' '' The vice-president of appellant, Mr. Wilson, also testified in reference to the same con-

versation that Mr. Hills said he was to get the fruit ''from the orchards that he had already procured in Butte county. He simply said he had them bought, mostly bought by the lump on the tree. He said he had bought and sold all crops of fruit on those orchards for years. He offered us twenty cars, more or less, anywhere from eighteen to twenty-three. He said there should be twenty cars of seedlings and about three cars of sweets, as near as he could estimate it, and that there was no doubt in his mind that there would be twenty cars at least, including the sweets.'' From the foregoing it is perfectly apparent that the understanding of the parties was that the purchase related to the fruit grown on certain trees, and that the quantity mentioned in the contract was simply an estimate of the number of carloads. The evidence further shows that on account of dry weather the quantity of the fruit fell far below expectations. Of this appellant was informed by letter before any of the fruit was delivered.

It is clear that if the pleadings had been properly framed, the court would have been entirely justified in reforming the said written contract so as to express the real intention of the parties and in awarding plaintiffs judgment in accordance with said reformation. As the evidence of said intention was admitted without objection, it hardly becomes appellant now to contend for the first time that the evidence was not within the issues made by the pleadings.

It is not necessary, however, to hold, and we do not hold, that the point cannot be made, as we are satisfied the trial court was warranted in finding that ''said defendant received and accepted all of said nine carloads of oranges so sold and delivered to it by plaintiffs as aforesaid, and said defendant paid to said plaintiffs the full amount due therefor under the terms of said contract, excepting only the sum of four hundred and seventy-seven and 82/100 (477.82) dollars, being the price due for the last carload of oranges so sold and delivered to defendant and received and accepted by it under the terms of said contract,'' and that defendant did not suffer damage ''in the sum of three hundred and forty-five and 60/100 ($345.60) dollars, or any other sum or at all by reason of the failure of said plaintiffs to perform said contract, or any contracts or the consequent inability of said defendant to deliver

the oranges so sold, or for both of said reasons or for any other reason, or at all.''

The foregoing implied findings, together with the admissions of the pleadings, are sufficient to support the judgment.

Appellant calls attention to the ruling of the court in sustaining the objection of respondents to certain questions asked by defendant. But as appellant admits that the conversation called for by the questions ''was entirely immaterial and irrelevant,'' we feel called upon to do no more than to agree with the admission.

The contention of respondents that the specification that ''The evidence does not support the judgment in this,'' etc., is not sufficient to warrant a review of the evidence, need not be considered, as we think upon the merits respondents should prevail.

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 29, 1910.