## AVGIKOS v. LOWRY.

No. 3294.   Decided March 28, 1919.  (179 Pac. 988.)

1. SALES—FAILURE TO DELIVER AMOUNT CONTRACTED—REMEDIES OF VENDEE. Where a vendor contracts to deliver a specified amount of goods or material, and the full amount is not delivered, the vendee is at liberty to refuse to accept the part tendered, or, having accepted a part, is at liberty to return that and refuse to accept less than the entire amount specified; but, after having received and retained a part of the amount, a vendee will not be permitted to refuse to pay for the goods so delivered and retained, because of failure of vendor to deliver full amount contracted for, especially where value and usefulness of goods actually delivered and received are in no way deteriorated or affected by failure to deliver the full amount.   (Page 220.)

2. SALES—PLEADING—DEMURRER. Where complaint, in action for contract price of wool delivered, set out contract, which provided for delivery of a specific amount of wool at so much per pound, and, after stating the delivery of a smaller amount, alleged "that the defendant accepted the said wool and agreed to pay for the same according to agreement," plaintiff was entitled to recover for the goods actually delivered, and a demurrer to the complaint was properly overruled.   (Page 220.)

3. CONTRACTS—PERFORMANCE—QUESTIONS FOR COURT. Where the facts are undisputed, the question of whether or not they constitute a performance or breach of contract, is one of law for the court.[1]   (Page 222.)

4. SALES—FAILURE TO DELIVER AMOUNT OF GOODS CONTRACTED—JUSTIFICATION. Where one undertook to sell about 80,000 pounds of wool, to be clipped from 750 ewes and 250 lambs, it was no legal excuse or justification for failure to deliver the amount of wool cut from such number of sheep that during the winter a great many sheep died by reason of the severe weather and the inability of the owners to obtain necessary food for them.[2]   (Page 222.)

5. SALES—FAILURE TO DELIVER AMOUNT OF GOODS CONTRACTED—EFFECT OF ACCEPTANCE BY VENDEE—RIGHTS OF VENDEE. Although a vendee, who accepted and retained part of the goods mentioned in a contract, could not avoid paying for same on

[1] Manti City Sav. Bank v. Petersen, 33 Utah, 209, 93 Pac. 566, 126 Am. St. Rep. 817; Salt Lake City v. Salt Lake City Water & E. P. Co., 54 Utah, 10, 174 Pac. 1134.

[2] McKay v. Barnett, 21 Utah, 239, 60 Pac. 1100, 50 L. R. A. 371.

ground that vendor failed to deliver amount specified in contract, he was entitled to damages by reason of failure to deliver the entire amount; the value of such goods having increased between date of contract and date of delivery. (Page 223.)

6. EVIDENCE—PRIVILEGED COMMUNICATIONS—OFFERS TO COMPROMISE. Where a controversy arose between a vendor and vendee of wool as to amount due vendor, who failed to deliver entire amount specified, and vendee offered to pay vendor certain amount in effort to compromise, fact that such offer was made was not admissible in evidence, in an action by vendor for purchase price of wool delivered. (Page 224.)

Appeal from the District Court of Carbon County, Seventh District; *Hon. George Christensen,* Judge.

Action by Tom Avgikos against W. A. Lowry.

Judgment for plaintiff. Defendant appeals.

REVERSED and REMANDED.

*P. G. Ellis* of Salt Lake City, for appellant.

*L. A. McGee* and *Ferdinand Ericksen* for respondent.

GIDEON, J.

Plaintiff, in the first cause of action, seeks to recover judgment against defendant for $554.60, alleged to be due as a balance for 3,182 pounds of wool delivered to defendant under a written contract, hereinafter referred to, made between the parties in December, 1916. In the second cause of action judgment is sought for $471.40 as a balance due one Jim Avgeris upon a similar contract made with defendant under which 2,238 pounds of wool had been delivered. The right of action in the second cause of action had been assigned to the plaintiff.

Defendant admitted the contracts, admitted the delivery of the wool as stated in the complaint, admitted that he had paid

only the amounts mentioned in the complaint, namely, $400 on the first cause of action and $200 on the second, and denied any indebtedness. As a counterclaim against the plaintiff, defendant set up the contract, alleged failure of the plaintiff to deliver the amount of wool specified, and asked for affirmative judgment as damages against plaintiff, and prayed damages by way of recoupment against the second cause of action for failure of the plaintiff's assignor to deliver the amount of wool mentioned in his contract.

In reply, plaintiff admitted the execution of the contract, and, by way of justification for his failure to deliver the number of pounds mentioned in the contract, alleged that the quantity mentioned was approximate only; that at the time of delivery defendant made no issue or objection to the quantity, but promised to pay plaintiff for the amount delivered; and denied that any damages had been sustained by defendant by reason of nondelivery. Similar allegations were made in the reply to the answer for recoupment against the second cause of action.

Trial was had before the court and a jury. A verdict was returned in favor of the plaintiff for the full amount demanded in the complaint.

The two contracts in question, which are admitted by all parties, are the same, except as to the names and the amounts. The contract made between plaintiff and defendant, so far as material here, is as follows:

"This is to certify that I have sold to W. A. Lowry the wool off about 750 ewes, —— bucks, —— wethers, 250 lambs, and estimated at about 8,000 pounds, which I agree to deliver to the said W. A. Yowry, or their representative, f. o. b. cars * * * on or about May 15, 1917.

"The consideration is 30 cents per pound. * * *

"We hereby acknowledge having received the sum of $400 (four hundred dollars) as part payment thereon." (Signed by plaintiff.)

The contract made by the defendant with Avgeris is the same, except that the number of sheep was 500 ewes and the amount of wool estimated at 4,000 pounds. Acknowledgment is made of $200 as payment on the purchase price.

From the judgment entered, defendant appeals, and as-

signs errors which may be considered under three heads: (1) That the court erred in overruling defendant's demurrer to the complaint; (2) That the court erred in submitting to the jury the question as to whether or not the delivery of the amount of wool that was delivered was a substantial compliance with the contract; (3) that the court erred in certain instructions given.

Plaintiff alleged the existence of the contract and attached the same as an exhibit to the complaint; alleged delivery of the number of pounds of wool mentioned in the first cause of action, to wit, 3,182, and in the second cause of action, 2,238. No reason is alleged, or attempted to be alleged, why the full amount stipulated in the contracts was not delivered, and for that reason defendant contends that the complaint fails to state a cause of action. In other words, that as plaintiff has based his right to recover upon a written agreement, and it affirmatively appears from the complaint that the number of pounds to be delivered was about 8,000, and it also affirmatively appears that the plaintiff did not deliver that amount of wool, and no excuse is given why he did not, for such reason the complaint does not state a cause of action. Similar objection is made to the second cause of action, and it is likewise contended that the demurrer should have been sustained to both causes of action. We are not called upon to determine that particular question, as we think the court was justified in overruling the demurrer upon other grounds.

However, the rule seems to be founded upon principle and supported by recent and respectable authority that where a vendor contracts to deliver a specified amount   **1, 2** of goods or material, and the full amount is not delivered, the vendee is at liberty to refuse to accept the part tendered, or, having accepted a part, he is at liberty to return that and refuse to accept less than the entire amount specified, but after having received and retained a part of the amount the vendee will not be permitted to refuse to pay for the goods so delivered and retained by reason of the failure of the vendor to deliver the full amount contracted. And that is especially true, and must be so, in cases like the one

under consideration where the value and usefulness of the goods actually delivered and received are in no way deteriorated or affected by the failure to deliver the full amount specified in the contract. *Clark* v. *Moore et al.,* 3 Mich. 55; *Willamette Steam Mills L. & Mfg. Co.* v. *Union L. & Supply Co.,* 94 Cal. 156, 29 Pac. 773. In addition, however, both in the first and second causes of action, after setting out the contract, and after stating the delivery of the wool mentioned in the complaint, it is alleged ''that the defendant accepted the said wool and agreed to pay for the same according to agreement.'' That allegation would entitle the plaintiff to recover for goods sold and delivered, and relieves the complaint of the objection urged that the demurrer was erroneously overruled.

The testimony show sthat the plaintiff delivered wool from 440 sheep only, whereas it is provided in the contract that wool should be delivered from 750 ewes and 250 lambs. It also appears from the testimony that plaintiff's assignor delivered wool from 325 or 330 sheep, and not from 500 ewes, as provided in his contract. Testimony was also offered on the part of plaintiff to prove that that number of sheep were all that either the plaintiff or his assignor had at the time of shearing in the spring of 1917, and that they were unable to procure the necessary wool to fulfill the contracts with defendant. It also is alleged in the answer that the wool delivered was accepted by the defendant without question, and without issue as to any failure upon the part of the plaintiff or his assignor to deliver the full amount specified.

The court, at the request of the plaintiff, instructed the jury as follows:

"It is a question of fact for the jury to determine whether or not plaintiff and Jim Avgeris performed the obligation to deliver the quantity of wool which they were to deliver, pursuant to the terms of the contracts of sale herein referred to, and in determining whether or not the plaintiff, or Jim Avgeris, did deliver to the defendant all the wool they contracted to deliver, you have the right to take into consideration all of the surrounding facts and circumstances as shown by the evidence in this case, and to determine therefrom whether or not such delivery was a substantial compliance with the terms of said contracts, or either of them,

"If you shall find and believe from the preponderance of the evidence that the defendant at the time of the delivery of the wool, delivered in pursuance of the contracts in this case referred to, gave the plaintiff to understand that by such delivery then and there made plaintiff was complying with the terms of the contract, and that plaintiff was thereby induced to part with the two clips of wool as delivered and received, then the defendant cannot recover on his counterclaim. But if you shall find and believe by a preponderance of the evidence that the plaintiff and Jim Avgeris did not act in good faith in complying with the terms of said contracts, and failed to deliver all of the wool sheared from their sheep, but withheld from the defendant some of the wool covered by the said contracts, and sold it to other parties, or held it for a higher price, then they have failed to comply with the terms of their said contracts of sale, and you should award to the defendant such damages as the evidence shall show he has sustained by reason of said failure on the part of the plaintiff ,and Jim Avgeris."

The giving of these instructions is assigned as error.

It is contended on the part of the appellant that the question of whether or not plaintiff had complied with the contract, where the issues are not disputed, as in this case, was not a question of fact for the jury, but should be determined as a question of law by the court. The rule is stated in 13 C. J. 790, par. 1011, in the following language:

"Where the facts are undisputed, the question of whether or not they constitute a performance or a breach of the contract is one of law for the court."

The same rule has been announced by this court in at least two cases. *Manti City Sav. Bank* v. *Petersen et al.*, 33 Utah, 209, 93 Pac. 566, 126 Am. St. Rep. 817; *Salt Lake City et al.* v. *Salt Lake City Water & El. P. Co. et al.*, 54 Utah, 10, 174 Pac. 1134.

In this case there are no allegations in the answer which would justify the plaintiff, or his assignor, for failure to deliver the amount, or approximately the amount, of wool specified in the contracts, and it therefore became a question of law for the court to determine whether the amount of wool so delivered was a substantial compliance with the contracts between the parties. The plaintiff, in his contract, undertook to deliver the wool from 750 ewes and 250 lambs, estimated at

about 8,000 pounds. He actually delivered 3,182 pounds of wool from only 440 sheep, less than one-half both as to the number of sheep and the number of pounds specified. As to the second cause of action a like condition exists.

It was error to submit the question to the jury on the allegations and the facts as they appear, as to whether there had been a compliance with the contract.

Proof was offered and received, in an effort to establish a legal excuse or justification for failure to comply with the contracts, that during the winter of 1916-17 a great many sheep died by reason of the severe winter and the inability of the owners to obtain necessary food for them. Even though these facts were established, and so found by the court, they were wholly without the issues made by the pleadings. But, should it be admitted that they are included within the issues, such facts could in no sense justify or excuse the failure on the part of the plaintiff and his assignor to comply with the terms of their respective contracts. *McKay* v. *Barnett*, 21 Utah, 239, 60 Pac. 1100, 50 L. R. A. 371; 13 C. J. 635, section 706.

Numerous authorities are cited by respondent in support of the contention that a vendee cannot accept and retain part of the goods mentioned in a contract without paying the contract price, and that by reason of so accepting a part only the vendee waives the right to recover any damages, either by way of defense or affirmative judgment against the plaintiff for such failure. Among other cases cited to support that contention, counsel rely upon *Clark* v. *Moore*, supra. An examination of that case will show it to be an authority for the contention of appellant. In that case the contract was for the sale of a definite amount of goods, and the vendor delivered only part, and while it is true the court held that, if the vendee retained such part, the vendor might recover the value in an action for goods sold and delivered, it is also held that the party injured should be allowed damages for failure on the part of the vendor to deliver the amount of goods specified in the contract. None of the cases cited by respondents holds a contrary rule. No

case has been cited, and we doubt that one can be found, to support respondents' contention.

There are certain authorities which hold that where the contract provides for a sale of all the fruit harvested from a particular orchard or all the wool from a particular flock, when it is shown that the vendor has in good faith delivered the fruit harvested from that particular orchard or the wool clipped from the particular flock mentioned, then there has been a substantial compliance with the contract, even though the amount falls far short of that estimated in the contract. In the case at bar no reference is made to any particular flock of sheep. Plaintiff undertook to sell so many pounds to be clipped from a definite number of sheep, and it is admitted in the pleadings, and by all the testimony, that he failed to do so. It is not disputed in the case at bar that the price of wool had increased something like twenty cents per pound between the date of the contract and the date of delivery. The question should have been submitted to the jury, with instructions to allow the defendant such damages as he had sustained by reason of any loss caused by the failure of the plaintiff and his assignor to deliver the wool as specified in the contract, and that the measure of that damage would be the difference between the contract price and the market value of the article on the date of delivery.

As a retrial of this action must be had, it is necessary to examine an additional assignment of error respecting the admission of testimony. It appears that prior to **6** the filing of this suit several conversations were had between plaintiff and defendant respecting the matter in controversy, at which times the plaintiff insisted on being paid for the amount of wool delivered at the contract price, and the defendant declining to pay until the full amount of wool contracted had been delivered. The plaintiff, on his direct examination, was permitted to testify, over the objection of the defendant, that at one of these conversations the defendant stated that he would pay a certain sum, naming it, to settle the controversy. The objections of the defendant were that it was an offer of compromise, and as such was a priv-

ileged communication, and, in addition, that the testimony was immaterial. Apparently this testimony was offered to show liability on the part of the defendant, or at least recognition on his part of some liability. Clearly, for that purpose, it was inadmissible. If the offer testified to was made in an effort to compromise, then it was privileged. *Holt* v. *Great Eastern Casualty Co.*, 54 Utah, 543, 173 Pac. 1168.

It follows that the judgment of the court below must be reversed. It is so ordered, and the cause is remanded to the district court of Carbon county, with directions to grant a new trial. Appellant will recover costs on appeal.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.