McCAULL-WEBSTER ELEVATOR COMPANY, Appellant,
v. STEELE BROTHERS, Respondents.

(180 N. W. 782.)

(File No. 4715.   Opinion filed January 7, 1921.)

1.  Evidence—Sale of Corn "to Grade 3 Y" "In My Possession," Parties Mistakenly Believing Would Grade No. 3—Refusal To Deliver—Evidence Re Identity, Grade, Of Corn, Competency.

A written contract for sale of corn at an agreed price provided that "corn to grade 3Y * * * said grain being now in my possession;" the "3Y" meaning No. 3 yellow corn; which corn vendor failed to deliver because, as he claimed, the parties mutually understood that the corn sold would grade No. 3, while it proved not to meet the No. 3 test. Held, that trial court properly admitted evidence that the corn was raised by vendors and was standing in shocks in their fields when sold, that both parties believed it would test No. 3, that because of

this mutual mistake the contract was made, that vendee returned a check given in part payment; it being competent to show by parol what corn vendors had in their possession.

2.   **Mutual Mistake Re Grade Of Corn Sold—Corn Graded Inferior— Right to Rescind For Mistake—Whether Contract Non-binding for Mutual Mistake—Whether Other Corn Of Same Grade Demandable.**

Where corn sold as and understood by the parties to be of No. 3 grade, and which was standing in shocks where raised, subsequently proved inferior to No. 3 test, vendors having for that reason refused to deliver it and having returned a check given for part payment, held, that the question involved is not whether vendors should be released from an otherwise binding contract, because of unavoidable causes affecting the subject matter of the contract after its date, but whether the contract was in its inception not binding because of mutual mistake of the parties as to grade of the corn existing when contract was made; and, both parties being confident that the corn sold would fulfill conditions as to grade, therefore the parties made no provision as to what should be done if it did not meet the test; that vendee could not require vendors to deliver other corn of No. 3 grade in lieu of the corn sold; and because of said mistaken belief there was no binding contract.

Appeal from Circuit Court, Clay County.   Hon. Robert B. Tripp, Judge.

Action by McCaull-Webster Elevator Company, a corporation, against Lee A. Steele and J. W. Steele, co-partners as 'Steele Brothers, to recover damages for failure to deliver corn sold by defendants to plaintiff.   From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Bailey & Voorhees*, and *Payne, Olson & Barton,* for Appellant.

*Gunderson & Gunderson,* and *French, Orvis & French,* for Respondents.

(1)   To point one of the opinion, Appellant cited: Anderson v. May, 50 Minn., 288, 52 N. W. 530; 35 Cyc. 61; Elliott on Contracts, Sec. 106; Newell v. New Holstein Canning Company, 119 Wis. 635, 97 N. W. 487; 7 Am. and Eng. Ency. Law 149.

Respondents cited: Iowa Loan & Trust Co. v. Schnose, 19 S. D. 248; Virginia Iron, Coal & Coke Co. v. Graham (Va.) 98 S. E. 659; 13, Corpus Juris 376.

WHITING, J.   Plaintiff and defendants entered into a writ-

ten contract whereby defendants contracted to sell and plaintiff to buy, at a certain agreed price, "5,000 bu. of good sound, dry and merchantable corn to grade 3Y, * * * said grain being now in my possession." "3Y" meant No. 3 yellow corn. This corn was not delivered, and the market price of "3Y" corn being much above the agreed price at the time delivery should have been made under the contract, plaintiff sought a judgment in damages for the difference between such agreed and market prices. From a judgment for defendants and from an order denying a new trial, plaintiff has appealed.

Defendants alleged that the corn that was in contemplation of the parties as the subject-matter of this contract was corn raised by defendants and standing in their fields at the time the written contract was entered into; that, when this contract was entered into, both parties believed that this corn would, at the time it was to be delivered test No. 3; that as a matter of fact it would not grade No. 3; that it was because of this mutual mistake that the parties entered into this contract; that plaintiff refused to accept this corn under such contract; and that, upon such refusal, defendants returned to plaintiff a check which had been given to them in part payment for such corn. The trial court, over objections, admitted evidence that fully established all of the above allegations of the answer.

[1] Appellant contends that the receipt of this evidence·was error; that regardless of the clause, "said grain being now in my possession," the contract did not contemplate that it was to apply only to such corn as was then in the possession of the defendants; and that, under such contract, defendants would have had the right to have delivered $5,000 bushels of "3Y" corn, no matter from what source they procured the same. The contract itself showed that the parties had in mind certain corn. It was therefore competent to show by parol what corn defendants had in their possession. Ontario, etc., Ass'n v. Cutting Fruit Packing Co., 134 Cal. 21, 66 Pac. 28, 53 L. R. A. 681, 86 Am. St. Rep. 231.

Did defendants have a right to rescind this contract because of mutual mistake as to the quality of that particular corn which was the subject-matter of the contract? Plaintiff contends that a mutual mistake as to the quality of this corn was immaterial.

To sustain such proposition it has cited certain authorities. Some of these authorities hold that, if defendants, in the spring of the year, had contracted to sell to plaintiff in the fall No. 3 corn, to be raised by them during the current season, without specifying in the contract where the corn was to be raised, they would not be excused from making a delivery of No. 3 corn simply because such corn as they did grow did not prove to be No. 3 corn. Such authorities have no bearing upon any question before us. Defendants are not seeking to avoid the contract because the subject-matter thereof had, through no fault of theirs and through unavoidable causes, not acquired a condition that would fulfill the contract. But even if this were the position of defendants, the authorities do hold that, if defendants had contracted to sell plaintiff 5,000 bushels of No. 3 corn, to be raised on a certain farm, and, because of early frosts or other acts of God, their corn raised on such land did not prove to be No. 3 corn, they would be released from their contract. Ontario, etc., Ass'n v. Cutting, etc., supra. But the question before us is, not whether defendants should be released from an otherwise binding contract, because of unavoidable causes affecting the subject-matter of the contract after the date of the contract, but whether the contract before us was in its inception not binding upon the parties because of a mutual mistake existing at the time the contract was entered into.

Appellants also cite authorities, which if applied to this case, would hold that, if the contract itself had not specified the grade of corn, but otherwise read as it does, plaintiff could not avoid such contract on the ground that, at the time it was entered into both parties believed that the corn which was the subject-matter of the contract was No. 3 corn, when in fact it was No. 6 corn; and that defendants could not have avoided such contract upon the ground that, when the contract was entered into, both parties thereto believed the corn was No. 6, when in fact it was No. 3. We do not need to discuss the correctness of these decisions; but they are not without dispute. But such authorities and their holding have no application to a case where the parties contract for a certain grade, and so contract under a mutual mistake that the subject-matter of their contract is of that grade.

[2] In this case it is perfectly clear that both parties were so confident that the corn, then in the minds of the parties, would

fulfill the conditions as to grade, that they made no provision whatsoever as to what should be done if this corn would not test No. 3. . They contracted in the full belief that defendants had in their possession 5,000 bushels of yellow corn that would, at the time for delivery, grade No. 3. No corn that would, by mere lapse of time, become No. 3 corn, was in possession of defendants. Both parties assumed, as the very basis of the contract, that corn that would fulfill this contract did exist in the possession of defendants. Being mistaken as to this essential fact, there was no binding contract, 13 C. J. 376; 6 R. C. L. 620; Virginia Iron, Coal & Coke Co. v. Graham, 124 Va. 692, 98 S. E. 659; Muhlenberg v. Henning, 116 Pa. 138, 9 Atl. 144; St. L. S. W. Ry. Co. v. Johnston, 58 Tex. Civ. App. 639, 125 S. W. 61.

[3]   Let us suppose that No. 3 corn had not been worth the contract price and defendants had gone out and purchased No. 3 corn and tendered same to plaintiff, plaintiff knowing such fact would have had the right to, and would undoubtedly, have refused to accept such corn for the very simple reason that it never agreed to buy any corn other than the corn in possession of defendants when the contract was entered into.

The judgment and order appealed from are affirmed.