[No. 9325. Department Two. — September 28, 1886.]

## JOHN F. SNOW, RESPONDENT, v. CHARLES J. HOLMES, APPELLANT.

MORTGAGE — DESCRIPTION OF NOTE — ERRONEOUS STATEMENT OF DATE — REFORMATION — FORECLOSURE. — Where a mortgage describes a promissory note secured thereby sufficiently to identify it, a mistake in the date of the note is immaterial, and the mortgage may be foreclosed without being reformed.

ID. — SALE OF GOOD-WILL — BREACH OF WARRANTY — DRAWING OFF CUSTOMERS — RESCISSION. — The action was brought to foreclose a mortgage. In his cross-complaint, the defendant alleged in effect that the promissory note secured by the mortgage was given by him in part payment of certain tangible property and the good-will of a business purchased from the plaintiff; that after the sale, the plaintiff had willfully proceeded to draw off the defendant's customers, and had deprived him to a large extent of the good-will so purchased, and had thereby damaged him in a sum greater than the amount due on the note. The prayer was that the note be adjudged fully paid, satisfied, and discharged. *Held*, that the acts of the plaintiff were a breach of the warranty attending the sale of

the good-will, for which the plaintiff was liable in damages, although the defendant had not rescinded the sale.

ID. — CROSS-COMPLAINT — AFFIRMATIVE DEFENSE. — *Held further*, that the defense was properly pleaded by way of cross-complaint, as the relief sought was affirmative, and related to or depended upon the contract or transaction upon which the action was founded.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Langhorne & Miller*, for Appellant.

The defense stated in the cross-complaint was good and was properly pleaded. (Civ. Code, sec. 1776; *Churton* v. *Douglas*, H. V. Johns. 188; *Banks* v. *Gibson*, 34 Beav. 569; *Levy* v. *Walker*, L. R. 10 Ch. Div. 436; *Rogers* v. *Taintor*, 97 Mass. 291; *Adams* v. *Adams*, 7 Abb. N. C. 436; *Angier* v. *Webber*, 14 Allen, 216; *Curtwell* v. *Lye*, 17 Ves. 335; *Dwight* v. *Hamilton*, 113 Mass. 178.)

*W. H. L. Barnes*, and *Crittenden Thornton*, for Respondent.

The defense was not properly pleaded by way of cross-plaint. (Code Civ. Proc., sec. 442.)

BELCHER, C. C. — Action upon a promissory note and to foreclose a chattel mortgage.

The original complaint was filed August 2, 1880, and the amended complaint August 10, 1882. In both complaints is set forth a copy of the note, and attached to them is a copy of the mortgage. The note is dated March 1, 1878, and is payable on demand with interest; the mortgage is dated June 1, 1878. In the mortgage the note is correctly described, except that its date is given as February 8, 1878.

In the amended complaint it is alleged that the mortgage was made to secure the note sued on; that at the time the mortgage was prepared, signed, and delivered,

the plaintiff did not have the note with him, and that the plaintiff and defendant then and there, by accident and mistake as to the date thereof, directed the notary, who drew the mortgage, to describe the note as bearing date February 8, 1878, instead of its true date; that the plaintiff did not discover the mistake so made until the month of January, 1882, and that by reason of the premises he is entitled to have the mistake corrected and the mortgage reformed by inserting therein the true date of the note in place of the erroneous one.

The answer raised no issue as to the fact that the mortgage was given to secure the note set out in the complaint, but it denied that at the time the mortgage was prepared, signed, and delivered, the plaintiff did not have the note with him, or that either the plaintiff or defendant, by accident or mistake, directed the notary to describe the note as bearing date February 8, 1878, or that the defendant ever at all so directed the notary or any one else. It further denied that the plaintiff did not discover the mistake until January, 1882, and alleged that since the note and mortgage were made and delivered to plaintiff, he had had possession of them, and "that continuously since the occurrence of said mistake the plaintiff has had all the means necessary for discovering the same within his power, and has had every reasonable cause to put him upon inquiry as to the same."

The answer then alleged that the cause of action for the reformation of the mortgage was barred by the provisions of subdivision 4, section 338, of the Code of Civil Procedure.

The defendant also, by way of cross-complaint, set up, that in 1874 the plaintiff was engaged in the business of cleaning and dyeing in the city of San Francisco, under the name of "John F. Snow, Cleaning and Dyeing Works"; that the defendant purchased of the plaintiff a half-interest in his said business, including the one half of all property then owned and used by plaintiff in his said

business, and the one half of the good-will of said business, for the sum of five thousand dollars; that the property purchased, exclusive of the good-will, was not worth over one thousand five hundred dollars, and that the balance of the purchase price was for the good-will; that to effect the purchase the defendant paid to the plaintiff two thousand dollars, and gave him his promissory note for three thousand dollars; that the note so given was delivered up · by plaintiff, and the note in suit given in place thereof, and that the defendant had paid one half of the principal of the note and the interest thereon up to July 1, 1880; that after his purchase the plaintiff and defendant carried on the business as copartners under the firm name of "John F. Snow & Co., Cleaning and Dyeing Works," until June 1, 1878, when the partnership was dissolved, and plaintiff sold, assigned, and conveyed to defendant all his right, title, and interest in and to the said business and the property, assets and good-will thereof, and the firm name, with the sole right to conduct the said business under the said firm name; that ever since the 1st of June, 1878, the defendant has carried on and still carries on the business under the late firm name; that the principal place of business of the old firm and of defendant as successor thereto has been continuously and still is in the rear of lot 1623 Mission Street, in the city and county of San Francisco; that on or about May 1, 1879, the plaintiff again entered into the business of cleaning and dyeing in the said city and county, under the firm name of " John F. Snow, Cleaning and Dyeing Works," without the authority, license, or consent of defendant, and has thenceforth continuously so carried on the same; that in order to deceive the public and induce the customers of the defendant to patronize the plaintiff and his establishment, the plaintiff has continuously advertised his cleaning and dyeing works as the original "John F. Snow, Cleaning and Dyeing Works," and has in that and various other ways

represented his business to be the same as that of the old firm; that in September, 1881, the plaintiff constructed in front of the defendant's dye works, at 1623 Mission Street, a wooden building, and established therein a branch office of his business, and has ever since, and is still carrying on thereat his business of cleaning and dyeing; that the sole object of the plaintiff in his acts and doings has been, and is, to create in the minds of the public the impression that the business of the plaintiff is a continuation of the business of the old firm, and to draw off the customers of the old firm, and to deprive the defendant of the good-will sold to him as aforesaid, and to appropriate the same to himself, and to harass, annoy, and injure the defendant and benefit himself; that the acts of the plaintiff have had the effect to deprive the defendant in large measure of the said good-will, and have drawn off his customers, and injured and damaged him in the sum of twenty thousand dollars; that by reason of the facts aforesaid, the consideration for the note and mortgage has in great part wholly failed, and that the one thousand five hundred dollars and interest already paid by defendant on the note is a just and reasonable price for the property actually received by defendant from plaintiff, and of which he has not been deprived by the wrongful acts of the plaintiff as aforesaid; and that defendant in law, equity, or good conscience, ought not to be required to pay any more.

The prayer is, that plaintiff take nothing by his action; that the note and mortgage be decreed to be fully paid, satisfied, and discharged, and that defendant have judgment for his costs.

The plaintiff answered the cross-complaint, admitting some of its averments to be true and denying others.

At the trial the plaintiff called witnesses to prove the mistake made in the date of the note, as it is described in the mortgage, and how it occurred, and also that he

did not know of the mistake until January, 1882, and then rested his case.

Counsel for defendant then called defendant as a witness in his own behalf, and offered to prove by him each and every one of the allegations and denials contained in his answer and cross-complaint. Counsel for plaintiff objected to the testimony offered, upon the ground that it was irrelevant, incompetent, and immaterial. The court sustained the objection, and the defendant reserved an exception to the ruling. Judgment was then entered in favor of the plaintiff. The appeal is from the judgment and an order denying a new trial.

Two points are made for the appellant. The first is, that the mortgage could not be foreclosed until after it was reformed, and that the action, so far as it concerned the reformation of the mortgage, was barred, because the amended complaint was not filed till more than three years after the plaintiff knew or might have known of the mistake.

The point is not well taken.

The note was correctly described in the mortgage, except as to its date, and no question was made that the note produced was the one referred to and intended to be secured. If the date had been entirely omitted from the description, the mortgage would still have been good, and might have been foreclosed.

It was a case of misdescription in part, and the maxim, *Falsa demonstratio non nocet*, applies.

In Massachusetts, where a statute referred to a vote of a town by a wrong date, it was held that the date might be rejected as surplusage, the reference being clear without it. (*Shrewsbury* v. *Boylston*, 1 Pick. 105.)

So where property was insured in a warehouse, described in the policy as No 1. when in fact it was No. 2, it was held by this court that the false description might be rejected, as the remaining description of

the property sufficiently identified it. (*Hatch* v. *New Zealand Ins. Co.*, 67 Cal. 122.)

As the mistake was immaterial, it was not necessary that the mortgage be reformed, and the statute invoked had therefore no application.

The second point presented is, that the court erred in refusing to hear testimony in support of the allegations of the cross-complaint.

To this the respondent answers that there was no error, because the cross-complaint was uncertain and insufficient as a pleading, and demanded no affirmative relief.

The cross-complaint doubtless might have been improved in some respects, but it was answered and not demurred to. As we read it, it in effect sets forth that the defendant purchased from the plaintiff, with certain tangible property, the good-will of a business, and gave the promissory note sued on for a part of the purchase-money; that the plaintiff had afterward willfully proceeded to draw off the defendant's customers, and to deprive him to a large extent of the good-will so purchased, and had thereby damaged him in a sum greater than the amount remaining due on the note; and the defendant asked, therefore, that it be held that the note was fully paid, satisfied, and discharged.

The good-will of a business is the expectation of continued public patronage, and is property transferable like any other property. (Civ. Code, secs. 992, 993.)

"One who sells the good-will of a business thereby warrants that he will not endeavor to draw off any of the customers." (Civ. Code, sec. 1776.)

If the plaintiff did endeavor to draw off customers from the defendant, and succeeded in so doing, as alleged, there was a breach of the warranty which attended the sale of the good-will of the business, and the plaintiff became liable therefor in damages. And to recover those damages it was not necessary, as claimed, that the con-

tract of sale be first rescinded.   " If the vendor warrants the goods sold, and the vendee discovers after they are delivered that there has been a breach of the warranty, he is not compelled to return the goods, although he may do so and rescind the contract, but he is at liberty to retain them and bring an action for the breach of the warranty, or he may plead the breach in reduction of damages in an action brought by the vendor for the purchase-money." (*Polhemus* v. *Heiman*, 45 Cal. 573.)

Under this rule the defendant was entitled to have the damages sustained by him offset against the purchase-money, which the plaintiff was seeking to recover. The relief sought was affirmative, and it related to or depended upon the contract or transaction upon which the action was brought.   (Code Civ. Proc., sec. 442.)

As presented, we think the pleadings were sufficient, and that the court erred in refusing to hear the testimony offered by the defendant.

The judgment and order should be reversed, and the cause remanded for a new trial.

FOOTE, C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.