## SPAULDING v. PITTS.

Only those assignments of error discussed in appellant's brief will be considered by the Supreme Court.

An issue of fact upon which there was a material conflict having been determined by the jury, and the trial court having refused

to disturb its verdict, the sufficiency of the evidence cannot be considered by the Supreme Court.

A buyer, where there has been a breach of warranty, may retain the property and sue for the breach, or plead it in reduction in an action for the price.

(Opinion filed, July 8, 1910.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by H. W. Spaulding and others, copartners, against H. L. Pitts. From a judgment for defendant and an order denying a new trial, plaintiffs appeal. Affirmed.

*Charles W. Brown,* for appellants. *Schrader & Lewis,* for respondent.

SMITH, J. Appeal from the circuit court of Pennington county. Action on promissory note dated September 10, 1902, due December 20, 1903, given for a balance on the purchase price of a carriage. The defendant, answering, denies the execution of the note sued on, alleges as a counterclaim that the plaintiff on or about the 10th day of September, 1902, offered to sell the defendant a two-seated carriage, with leather top, of plaintiff's own make and manufacture; that plaintiff warranted and represented to defendant that said carriage was of the very best material used in the construction of that class of vehicles, and that the workmanship thereon was first class, and then and there guaranteed and promised defendant that, with reasonable usage, the defendant could use and run the same for a period of five years without any repairs thereon; that defendant, relying upon said representations and warranty, then and there purchased said carriage, and agreed to pay plaintiff therefor the sum of $150, $75 in 6 months, and 75 in 12 months; that at the time of the sale and warranty said carriage was poorly constructed, of unsound, defective and worthless material, and workmanship of the poorest quality and grade, which facts were well known to plaintiff, and that because of said unsound and defective material and inferior workmanship the top of said carriage racked, warped, and broke to pieces, so that the same could not be used, the bed spread, cracked, broke, and became worthless, the spokes of the wheels

cracked and broke, one of the wheels broke to pieces so that a new wheel had to be purchased by defendant and substituted therefor, all of which occurred while said carriage was being used in a careful and reasonable manner by defendant in traveling the public roads and highways, and while the said carriage was being kept in good condition and carefully housed when not in use; that at the time of said warranty and sale said carriage, by reason of the defects aforesaid, was not worth to exceed $25; that on or about the 1st day of July, 1903, the defendant paid plaintiff the sum of $75, with interest, in all the sum of $81.25, as part of the purchase price of the carriage; that since the purchase of said carriage defendant expended in money, labor, and time in making repairs thereon the sum of $20, aggregating the sum of $101.25 paid by defendant for said carriage, and the repairs thereon; that defendant was injured and damaged in the sum of $76.25, and prays a dismissal of plaintiff's complaint and a judgment upon his counterclaim against the plaintiff. Plaintiff replied to this counterclaim. The issues were tried to a jury and a verdict returned in favor of defendant and against plaintiff, assessing defendant's damage at $1. Thereafter plaintiff moved for a new trial, which was denied, and a judgment entered for defendant on the 6th day of March, 1908, for the sum of $1 damages with $49.15 costs and disbursements. From the judgment and the order overruling the motion for a new trial, plaintiff appeals.

Numerous assignments of error appear in the record, the most important of which are discussed in appellant's brief. Following the practice of this court, we shall consider only those discussed. Appellant's first contention is that it appears by the undisputed evidence that the defendant signed and made the note in question. The defendant in his answer expressly "denies that he ever made, executed, or delivered to plaintiff or to any one on its behalf the alleged promissory note mentioned and described in the complaint." The jury by their general verdict found all the issues in favor of the defendant, including the issue as to the execution of the note. Upon the trial the plaintiff offered and read in evidence the depositions of three witnesses, two of whom H. W. Spaulding and E. H. Spaulding, were residents of the

state of Iowa, each of whom testified, in substance, that he was a member of the plaintiff firm, and that the plaintiff did on September 10, 1902, by its authorized agent, W. C. Morgan, sell to defendant a spring wagon for the sum of $150 and received in settlement therefor two promissory notes executed by Henry L. Pitts, defendant in this case, for $75 each. This evidence appears to have been received without objection, and the note was offered and received in evidence without objection. The deposition of W. C. Morgan, the agent who sold the wagon to defendant, and who wrote and received the two promissory notes from defendant, was also offered in evidence. So far as the record discloses, he was asked no questions and gave no testimony concerning the signing and execution of the note in suit. The deposition of one Passwater was offered and received in evidence, who testified that he was a collector for plaintiff during the month of August, 1904; that he was acquainted with defendant and met him on two occasions, the 19th and the 25th of August, 1904; that he was then collecting for plaintiff, and called upon defendant with reference to the note which is in controversy; that he had a conversation with defendant in which defendant denied his signature to the note, but that later in the conversation defendant agreed to go to Rapid City on the following Monday and get a draft in settlement of the note and send the same to the witness at Custer City; that, not receiving the draft, he returned to see defendant on the 25th of August; that defendant at that time refused to pay the note. No other evidence appears in the record on behalf of the plaintiff touching the issue raised by the pleadings as to the execution of the note in suit. Defendant was sworn as a witness, and, being shown the note sued upon, testified that he did give the plaintiff a promissory note, but that the note marked "Exhibit A" was not the note that he signed; that the note which he signed differed considerably from that sued upon; that no instructions were printed on the note which he signed, and that it was written in pencil, while the note offered in evidence appears to have been written in ink; that the note he signed was simply a note for $75 bearing 7 per cent. interest, while the note sued upon

bears 8 per cent. interest. He further testified that he saw the note Exhibit A for the first time a short time after December 20, 1903, and at that time notified the bank that it was not his note.

The question of the sufficiency of this evidence to sustain the finding of the jury was before the trial court upon the motion for a new trial, and was passed upon when the motion for a new trial was overruled. That there was a material conflict in the evidence as to the execution of the note in suit is plainly apparent, and, that the issue having been determined by the jury in favor of the defendant and the trial court having refused to disturb the verdict of the jury, the question of the sufficiency of the evidence cannot be considered by this court upon appeal. This rule is so firmly settled by many decisions of this court we deem it unnecessary to refer to them. The note sued upon is in the form of a sales note, and contains stipulations concerning the attorney's fees, and a statement that the defendant owned —— acres of land worth $1,000, on which there is no incumbrance; that there are no judgments against him, and that he makes this statement for the purpose of obtaining credit; and that the ownership of the vehicle sold shall not pass from the Spaulding Manufacturing Company until fully paid for. It also contains this specific provision: "No salesman is authorized to make any agreement not upon the face of this note when made."

Appellant's counsel insists that defendant's denial of the execution of the note sued upon was for the express purpose of avoiding this clause of the note that he might plead and prove the express warranty alleged to have been made by the plaintiff's agent at the time of the sale. An examination of defendant's counterclaim makes it entirely clear that the warranty pleaded was not an implied, but an express, warranty, alleged to have been made at the time of the sale. Upon the trial appellant objected to evidence to prove the express warranty pleaded, on the ground that, under the provision contained in the sales note, the defendant was precluded from offering evidence of any warranty not contained in the written contract. Under the finding of the jury that the defendant did not execute the note containing this provision as to the

authority of an agent, this contention cannot be sustained, for the simple reason that by such finding the clause of the note relied upon was eliminated from the case. The record discloses that the defendant had paid a part of the purchase price of the vehicle, and had retained possession and used the same from the time of its purchase to the beginning of this action. Appellant contends that by these acts the defendant waived any defects which may have existed, and had become estopped to assert a breach of the warranty. This contention is based upon the proposition that the defendant cannot counterclaim for damages for a breach of warranty in an action for the purchase price, except under such circumstances as would give him the right to rescind the contract and return the carriage, and that, by accepting and retaining the carriage, the defendant has waived his right to rescind the contract of sale. To sustain this contention, appellant cites Acme, etc., Co. v. Barkley, 22 S. D. 458, 118 N. W. 690, decision by this court. That case is not authority for the proposition contended for. In that case the court says: "Defendant further pleads what was evidently intended as a counterclaim for damages for the alleged breach of this warranty. Although denominated as a counterclaim it fails to contain some of the usual and necessary allegations of such a counterclaim under our statute; there being no allegation of what the value of the machine would have been if as warranted. This same paragraph contains certain allegations of damages which were in no way relied upon during the trial; but the trial appears to have been conducted solely upon that part of this paragraph which attempts to allege the ordinary damages for breach of warranty, to-wit, the difference between the value of this machine as it was and its value if it had been as warranted." It will be observed in that case the defendant sought to recover damages under a written warranty which provided that, if the machine "cannot be made to fulfill the warranty; he shall return it to the place where received, free of charge, and in as good condition as when received, and a new machine will be given in its place, or the notes and money will be refunded." "This case was tried evidently upon the theory that the machine company waived its right to notice by the fact that its agent was

present at the starting of the machine, and off and on for a few days thereafter, and that the plaintiff waived its right to such an extent that the defendant had a right to counterclaim for any breach of the conditions of the warranty without being required to abide by the remedy provided for in said warranty, to-wit, the rescission of the contract and the return of the machine. We do not at this time give any opinion on the question as to whether the defendant could under any circumstances be freed from his duty to rescind and have a right to resort to a counterclaim for damages; but we do not believe that, if he had such right, he could take advantage of it except under facts which would have given him the right to rescind the contract and return the machine." The court further says: "This machine worked satisfactorily up to the time it was twisted out of shape in the flax field. If this injury to the machine was from any defect in the machine, and it was not shown that it was, then if the defendant considered this a breach of warranty, if his rights had not already been lost by lapse of time, he was bound within a reasonable time to give the payee of the note notice that the machine was not up to the warranty, and give the company an opportunity to comply with its obligation under said warranty." The court expressly declines to decide whether, when the warranty provides for a return of the property on a failure of the warranty, the purchaser may under any circumstances be entitled to resort to a counterclaim for damages, instead of returning the property. It is entirely clear, therefore, that the court did not hold that damages for a breach of warranty could only be recovered under such circumstances as would warrant a rescission of the sale and a return of the property.

The Supreme Court of California under statutes identical with our own in the case of Browning v. McNear, 145 Cal. 272, 78 Pac. 722, says: "It is the law of this state, as it is generally elsewhere, that where there is a warranty, and it is discovered after delivery that there has been a breach thereof, the vendee may retain the property and bring an action for the breach of the warranty, or may plead the breach in reduction of damages in an action brought by the vendor for the purchase money. Snow v.

Holmes, 71 Cal. 142, 149 [11 Pac. 856]; Polhemus v. Heiman, 45 Cal. 573, 579." In First National Bank v. Hughes (Cal.) 46 Pac. 272, the court said: "The sale in this case had been consummated for years, and was not open to rescission. If there was a breach of the warranty, and defendant suffered damages thereby, he is, upon proper pleadings, entitled to deduct the same from plaintiff's recovery upon it appearing that plaintiff is not an innocent purchaser for value before maturity."

We find no error in the record, and the judgment and order of the trial court are affirmed.