STROUD, Appellant, v. FISH, Respondent.

(136 N. W. 1125.)

1. **Verdict—Conflicting Evidence—No Reversal.**

A verdict based on conflicting evidence on material issues will not be reversed on appeal, where there' is sufficient evi- dence which, if believed, would justify the verdict.

2. **New Trial—Examination of Jurors Under Stipulation—Effect— Impeachment of Verdict.**

Where when jurors were examined after verdict under a stipulation, as to whether the verdict was given through mistake or misapprehension, no motion for new trial was pending, such examination had the same effect as affidavits' taken with a view of afterwards using them on motion for new trial.

If a motion for new trial had been pending when such examination was made, such evidence, if relevant to the motion, would have been before the court free from any objection based upon competency of jurors to impeach their own verdict.   **Dictum.**

3.   **New Trial—Impeaching Verdict—Prior Examination of Jurors.**
   Where jurors were examined after verdict, under a stipulation, but before pendency of motion for new trial, such evidence is not receivable to impeach the verdict, when objected to on such motion.

4.   **New Trial—Misconduct of Jury—Irregularities.**
   That a juror misconstrued the effect of his verdict is not irregularity in proceeding of the jury, nor misconduct of the jury.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. RICE, Judge.

Action by Thomas F. Stroud against Samuel Fish, to recover on notes given in payment for a grading machine. Defendant counterclaimed for breach of warranty relating to the machine. From a judgment for defendant and an order denying a new trial, plaintiff appeals.   Affirmed.

*Eben W. Martin* and *Norman T. Mason,* for Appellant.

On July 11, 1905, defendant sent $400 on his account, ordered some machine supplies, and made no complaints concerning the operation of the machine.   (Abst. fol. 54).

On September 15, 1905, defendant wrote asking plaintiff to bear with him a little longer for the balance he owed, saying he thought he could settle the balance in full next month.   (Abst. fol. 55).

On July 28, 1906, a year and a quarter after the purchase of the machine, defendant wrote that he left the machine he got of plaintiff at Douglas, Wyoming; that he took a job last fall to complete the Fetterman ditch; after he got to work he found he was up against it. When he made the contract he gave the machine and all of his tools as security to finish the job.   After putting in two months last fall, he found he could not finish the work at the prices he had taken it for, so he never went back, and the machine he got of plaintiff and the machine he got of the Western Company, and all his tools, the Fetterman ditch held;

that he had been trying all winter to make a deal to get the machines back but that he could not do so for less than $2,200. For the first time in all this correspondence the defendant then remarks, "Now, the machine I got of you never gave satisfaction; never used it but 'very little." Defendant then offered to help plaintiff in any way to get the machine back. (Abst. fol. 59).

On August 4, 1906, defendant explained how he signed the papers giving the Fetterman Ditch Company the right to hold his machine and tools, saying, "If you can see any way to save these machines, I will turn over all interest I have in them to you for the balance I owe you on your machine." (Abst. fol. 44-8).

It is inconceivable, if this machine was of no value, that defendant should write such letters as these, not only during the time that he was using it, but long after he ascertained its alleged worthlessness.

Appellant does not urge that the renewal of a note and such letters as these necessarily amount to a conclusive waiver of a counterclaim for breach of warranty, even though the counterclaim arises out of the same transaction, but appellant insists that, if unexplained they are conclusive.

Such conduct should give rise to the same presumption as the receipt of a statement of account without objection, thereby constituting an account stated, which can only be impeached by proof of mistake, omission, or fraud. I Enc. Law, p. 446-460; Hale v. Hale, 14 S. D. 644; Osborne v. Marks, 33 Minn. 56, 22 N. W. 3; N. W. Cordage Co. v. Rice, 67 N. W. 298 (N. D.).

In the case at bar, however, not only was there a renewal of the balance due on the purchase money note, made at least three months after the delivery of the machine, and with full knowledge of its alleged defects, but there was a series of letters extending over a period of a year and a quarter, in which repeated promises were made to pay, and in which no fault whatever was found with the machine. There is not a particle of evidence to show that this renewal and these letters were the result of any mistake, oversight, lack of knowledge, assurances on the part of the plaintiff or fraud. In the absence of such explanatory evi-

dence, defendants conduct should be held conclusive against him
Morse v. Moore, 32 Atl. 362 (Me.).

There were thus four of the jurors, including the foreman,
who understood the note was to be deducted from the $700 ver-
dict, or vice versa, and one juror who was not clear on the sub-
ject. ( Abst. fol. 86).

After this examination and when plaintiff's motion for new
trial came up for argument, defendant's counsel objected to the
consideration of the juror's evidence on the ground that it was
incompetent thus to impeach a jury's verdict.

This objection should be disregarded, first, because made too
late.    Counsel took their chance that the evidence of the jurors
would be favorable to defendant.    Finding it unfavorable they
should not then be allowed to object because of its incompetency;
the rule should be the same as to incompetent evidence generally.
A motion to strike out comes too late.

In the second place, this objection should be disregarded be-
cause it nullifies counsel's stipulation.    Milburn v. Robison, 110
S. W. Rep. 598 (Mo.) ; Dorr v. Fenno, 12 Pick. 524.

*Robert P. Stewart* and *J. M. Hodgson,* for Respondent.

Appellant contends that respondent's conduct in carrying on
correspondence with him is unexplained and therefore a conclusive
waiver might be presumed therefrom as to any damages caused
by the breach of the warranties involved.    We go further and
say that not only was the conduct of appellant explained, but the
issue on this point was squarely raised as a matter of veracity
between Mr. Stroud and Mr. Fish and found in favor of Fish
by the jury.    Complaint was made by Fish to Stroud at Rapid
City through Sweeney, (Add. Abst. fol. 62).    Complaint was
made in letters written with reference thereto by Fish, in Wyom-
ing, but Fish's letters were not produced, (Add. Abst. fol. 53-54-
56), and Rinehardt promised to make the machine work or it
would cost Fish nothing.    (Add. Abst. fol. 7-18-19-20,58-63-110).
Fish made an effort in good faith to repair machine and make it
do the work for which it was sold, and continued so to do in
Wyoming, during the time that respondent claims his conduct was

unexplainable. Fish was unable to make the machine work in Wyoming.

We doubt whether the argument of appellant as to the waiver embraced under the head "Excessive Damages" is embraced under the two points set forth in the paragraph at the bottom of page 2 and the top of page 3 of appellant's brief. If the court considers that the argument on the waiver is so embraced and is not the interpolation of a new point not mentioned in appellant's two grounds of reversal, we then submit that this case is ruled by the case of Spaulding v. Pitts, 127 N. W. 612 (S. D.). Appellant in this case contends as did the appellant in that case.

The action of Stroud and Rinehardt, Stroud's agent, in promising to make the machine run or it would cost Fish nothing, explains in a great measure why Fish made a payment that otherwise he would not have made. Testimony of Fish, Sweeney and Cessna. (Add. Abst. fol. 6, 18, 19, 50, 54, 57, 63, 110).

The evidence in this case was conflicting but this court will not weigh the evidence. Unzelman v. Sheldon, 103 N. W. 647 (S. D.); Spaulding v. Pitts, 127 N. W. 610 (S. D.).

Appellant cannot say that the verdict of the jury requests the refunding of $700.00 out of $800.00 paid theretofore. This court will notice that aside from the damages claimed by virtue of the breach of the warranty of quality, which would amount to $1,400, that respondent claimed damages in his counterclaim amounting to $2,000 by virtue of the breach of the warranty of fitness. (Abst. fol. 9 and 10). This $700.00 verdict represents but a portion of respondent's total claim of $3,400. In cancelling the note the jury released respondent from the payment for a worthless article and so far as the record shows awarded him the $700.00 under the evidence submitted touching the amount of damages sustained by the breach of the warranty of fitness.

Under the title, "Jury's Misapprehension," appellant argues that an injustice has been done him. Admitting for the sake of argument only, that this title refers to "misconduct of the jury" as a ground for a new trial, we fail to preceive wherein any misconduct of the jury has been shown. At most, it could only be

said that the misconduct of the jury, if any, consisted in certain of the jurors desiring to change front after having rendered their verdict.

Said statements or affidavits are not such statements or affidavits as are authorized by section 301 of the Code of Civil Procedure of the state of South Dakota, and for the further reason that the stipulation herewith submitted to this court does not empower this court at this time to accept said statements or affidavits in violation of said section 301, and that by the terms of said stipulation the attorneys for the defendant did not intend nor does the said stipulation express any waiver on the part of the said attorneys to object to the said statements or affidavits at this time, the said statements and affidavits having been reduced to a finality and presented to the court for the first time upon this motion, and that the said defendant's attorneys were not obliged to object to the same until reduced to the form of affidavits and attempted to be presented to this court upon this motion for a new trial.

We submit that counsel for the respondent did not take any chance that the evidence of the jurors would be favorable to defendant or finding it unfavorable, objected because of its incompetency. Sections 301 and 302 of the Code of Civil Procedure, require applications for new trials based upon alleged misconduct of the jurors to be made upon affidavits. Counsel for the respondent would have had the same opportunity to examine plaintiff's affidavits that they had to hear the reduction of the jurors statements to writing. The objection to the affidavits would have been forthcoming at the time appellant attempted to make use of the same just as it was when appellant sought to make use of this testimony when reduced to writing by the court stenographer. Counsel for respondent made no objection until counsel for the appellant attempted to use the information gained under the stipulation. Until such move on the part of appellant, respondent was not called upon to enter any protest.

The law contemplates orderly production of documents in proper proceedings and the affidavits must be used in any application based upon the second clause in section 301 of the Code

of Civil Procedure.   There was no stipulation that upon a motion for a new trial based upon misconduct of the jury that information respecting mistakes or misapprehension on the part of the jurors, given out after the trial, should be used.   It is a reflection upon respondent's counsel to say that for a moment they intended to waive the benefit of a rule so well established as the rule that affidavits of jurors cannot be received by the court to impeach their verdict.   State v. Kiefer, 91 N. W. 1118; Edward Thompson v. Gunderson, 10 S. D. 43, 71 N. W. 764; Murphy v. Murphy, 1 S. D. 316,    N. W. 142, 9 L. R. A. 820; Gains v. White, 1 S. D. 434, 47 N. W. 524; Ulrich v. Trust Company, 2 S. D. 285, 49 N. W. 1054; Territory v. King, 6 S. D. 131, 50 N. W. 623.

By no distortion of the English language can mistake and misapprehension by jurors after the trial be construed as embraced within the clause "Misconduct of the. Jury."

WHITING, J.   This action was brought to recover upon one of a series of notes given in payment for a grading machine.   Defendant pleaded a counterclaim based upon an alleged breach of warranty relating to   such machine.   Upon the trial the jury returned a verdict in favor of defendant upon all the issues, and allowed him a considerable sum as damages.   It appears from the record that the verdict was returned on December 16, 1909, and judgment entered thereon January 6, 1910.   It further appears that on December 17, 1909, the following stipulation was entered into between the parties:   "It is agreed between the parties that on the coming in of the jury on January 11, 1910, the court may, in the presence of the attorneys for the parties hereto, question the jurors who tried this cause concerning the manner of arriving at their verdict, in order to ascertain whether the same was given through mistake or misapprehension, and that in the meantime the undersigned will not discuss the matter with any of said jurors."   Upon January 11, 1910, in accordance with such stipulation, the court examined the several jurors, and upon such examination it was elicited that some of the jurors intended by their verdict that from the amount of damages found for defendant there should be deducted by the court the amount of the note sued upon; while the others understood that by their verdict, not only

was the defendant to recover the amount of said verdict, but that the note should be canceled, or, in other words, that defendant should get his damages besides being freed from the payment of said note. The plaintiff upon January 31, 1910, moved for a new trial, basing his motion among other things upon (1) irregularities in the proceedings of the jury; (2) misconduct of the jury; (3) insufficiency of the evidence to justify the verdict. So far as the first and second of said grounds are concerned, the motion was based upon the evidence of said jurors in relation to their under-standing as to the effect of the verdict. This motion for a new trial was denied, and the cause is now before us upon an appeal from the judgment and from the order denying a new trial.

[1] Appellant urges the insufficiency of the evidence to sustain the verdict. The evidence in this case is quite voluminous, and no good could follow the incorporation of same into this opinion. It is sufficient to state that we have carefully considered the same, and, while there is ample evidence to support a verdict for plaintiff and some things proven which would tend to affect the weight which a jury would give to the testimony of defendant, yet there is sufficient testimony which, if believed, would justify the jury in bringing in the verdict returned herein, and under the rule so frequently announced by this court, namely, that this court will not disturb the verdict when there is conflicting evidence upon the material questions at issue, the verdict must stand. Spaulding v. Pitts, 26 S. D. 78, 127 N. W. 610.

[2] In considering the motion for new trial urged upon the grounds of irregularities in the proceedings of the jury and misconduct of the jury, it must be borne in mind that at the time the testimony of the jurors was taken no motion for new trial was pending. The effect of taking such testimony was merely to preserve same in the form of depositions rather than in the form of affidavits, and such testimony stood in exactly the same situation as would affidavits if they had been taken with a view of afterwards using them upon a motion for a new trial. An entirely different situation would have been presented if, at the time such evidence was taken, there had been pending a motion for a new

trial and such testimony received thereon without objection. In such case, if the testimony bore upon any matter which could be urged as a ground for a new trial, it would have been before the court, free from any objections based upon the competency of the jurors to impeach their own verdict.

[3] There can be no question but that the rule is well settled, as stated in the authorities cited by the appellant and as has been held by this court, that "the evidence of the jurors will not be received to impeach the jury's verdict." This simply means that it will not be so received when properly objected to. In the case at bar, when the testimony of the jurors was offered upon the motion for new trial, it was objected to. We believe such objection was timely, and that respondent was not called upon to interpose any objection at the time the jurors were examined by the court.

[4] We must not overlook another fact. That a juror misconstrued the effect his verdict might have and the extent of the relief to which either party would be entitled thereunder does not prove any irregularities in the proceeding of the jury; neither does it prove any misconduct on the part of the jury. At the most, it indicates a certain degree of incompetency on the part of several jurors, but incompetency of jurors is not made, by the statute of this state, any grounds for setting aside a verdict which has been received and accepted by a court. It follows that even if the motion for new trial had been before the court at the time these jurors were examined by such court, and their testimony was received in support of such motion, and so received without objection so that the trial court had been entirely free to consider the same and give it full force and effect, yet such court would have been bound to deny the motion for new trial so far as these grounds were concerned, as neither of the grounds urged would in the slightest degree be sustained by the evidence before the court.

The judgment and order appealed from are affirmed.

CORSON, J., dissenting.