[Civ. No. 1494. Fourth Appellate District.—March 23, 1934.]

ELLIS HILL ROGERS, Respondent, v. LILLIAN E. EVANS et al., Appellants.

J. K. Wilson for Appellants.

J. W. McKinley for Respondent.

WARMER, J., *pro tem.*—The evidence in this case consists of the notes, trust deeds, certain notices, deeds of trust, the deposition of one Frederick M. Kincaid, and a stipulation of facts which may be stated, so far as here material, as follows:

One John W. Gibson owned certain real property situate in Riverside County. However, the record title to said real property was in the name of one Frederick M. Kincaid. Kincaid conveyed said real property to one James L. O'Donahue on December 5, 1927. Thereafter, on the same day and as a part of the same transaction, the said O'Donahue made, executed, and delivered his promissory note for $45,000, due on or before three years, to the said Frederick M. Kincaid and at the same time O'Donahue made, executed and delivered to Kincaid a trust deed purporting to secure a promissory note in the sum of $45,000, payable to Kincaid and his wife, Blanche D. Kincaid, according to the description of the note in the said trust deed. However, no such note was ever made. The trust deed

was duly recorded December 6, 1927, in the office of the county recorder of Riverside County. Thereafter, on the same, day and as a part of the same transaction, the said O'Donahue made, executed and delivered to Kincaid his two promissory notes in the aggregate sum of $32,000, each dated December 5, 1927, and each for the sum of $16,000. One was due in one year and the other in two years from date. At the same time, and as part of the same transaction, O'Donahue made, executed and delivered to Kincaid a second trust deed on said real property as security for the payment of said $32,000, which trust deed was duly recorded on December 6, 1927, in the office of the county recorder of Riverside County. The trust deed securing the payment of the $32,000 recited, among other things, that it was subject to a trust deed for $45,000 due on or before three years from December 5, 1927. On December 6, 1927, O'Donahue executed and delivered to John W. Gibson a deed conveying said real property, encumbered as aforesaid, to one Thelma M. Gibson, a daughter of John W. Gibson, who paid nothing for said deed. During all of said times Frederick M. Kincaid, James L. O'Donahue and Thelma M. Gibson, were each and all agents and dummies for John W. Gibson. Neither Kincaid, O'Donahue, nor Thelma M. Gibson had any interest whatsoever in said property. During all said times the real property had no value in excess of $20,000. The plaintiff Ellis Hill Rogers acquired the aforesaid $45,000 note and trust deed in exchange for certain real property owned by her. The transfer of the note and trust deed to her was by indorsement on the back of the note as follows:

"Pasadena, California, Dec. 23, 1927.

"For value received, I do hereby transfer and assign to Ellis Hill Rogers, a married woman, the within note, together with all rights accrued or to accrue under the Deed of Trust securing the same so far as the same relate to this note and without recourse on me.

"Signed FREDERICK M. KINCAID."

The defendant Lillian E. Evans purchased one of said $16,000 notes secured as hereinbefore stated and the same was duly transferred to her.

For convenience we shall hereinafter refer to the former trust deed as the Rogers trust deed and the other as the Evans trust deed.

The Rogers trust deed was foreclosed and at the sale Ellis Hill Rogers was the purchaser, and the trustee executed and delivered its trustee's deed to Ellis Hill Rogers. Some time thereafter, the Evans trust deed was foreclosed and F. N. Evans was the purchaser. The trustee therefore made, executed and delivered its trustee's deed to F. N. Evans.

The question presented is: Is the Rogers trust deed and the sale thereunder void? Admittedly, the principal and only necessary question, although presented by many specifications of error, is: Does the note described in the trust deed as payable to Frederick M. Kincaid and Blanche D. Kincaid, although no such note was ever executed, create such a variance in the description of the note secured as to cause the trust deed to be declared void? Stating it in another way, under such circumstances, does the trust deed create a valid lien or is it void, creating no lien on the premises therein described? If it is void the purchaser of the trust deed and note had no right of foreclosure and the whole proceeding is void. If it is a valid lien, then the proceedings, if in conformity with statute and the terms of the trust, are valid and the trustee's deed conveyed the real property to the purchaser at such sale.

It is apparent from the written instruments received in evidence, and we think properly admitted, and the testimony of Frederick M. Kincaid, that he prepared the note and trust deed in question at the same time and as a part of the same transaction; that in drafting the trust deed, through mistake he included the name of Blanche D. Kincaid, his wife, in the copy of the note described in the trust deed, instead of a true copy of the note actually executed showing himself alone as the payee. It is also apparent that the trust deed, as executed and recorded, was given to secure the payment of the $45,000 evidenced by the promissory note actually executed and delivered to him and not to secure a purported note payable to him and Blanche D. Kincaid, his wife, for in fact no such note ever existed.

The case of *Moore* v. *Russell*, 133 Cal. 297 [65 Pac. 624, 85 Am. St. Rep. 166], is one involving a somewhat similar point. However, in that case a mortgage was involved. A

note for $800 was executed by William Russell and his wife, Ruth M. Russell, payable upon certain terms and at specified times to H. P. Moore. A mortgage covering certain property was made and executed at the same time. It was declared on the face of the mortgage that it was given, "as security for the payment to said mortgagee of the sum of eight hundred dollars" at the same time and under the precise terms of the note, except the word "administrator" is inserted after the name of the payee "Moore", and at the end of the copy of the note in the mortgage the name of Ruth M. Russell is omitted. Appellant contended that these two mistakes in the copy of the note were fatal to the validity of the mortgage as security for the note sued on. The court said:

" . . . but the point is not maintainable. He (appellant) speaks in his briefs of the 'first' and 'second' note; but there is nothing in the record to warrant a pretense that there were two notes. The question here is as to the identity of the debt and note secured; and it is quite apparent, notwithstanding the two slight mistakes in the copy, that the debt of eight hundred dollars and the note sued on are the debt and the note referred to in the mortgage."

The case of *Snow* v. *Holmes,* 71 Cal. 142 [11 Pac. 856], involved a note dated March 1, 1878, payable on demand. A chattel mortgage dated June 1, 1878, was claimed to have been executed as security for the payment of said debt. The note is correctly described in the mortgage, except the date is given as February 8, 1878. The court there said, at page 147:

"The note was correctly described in the mortgage, except as to its date, and no question was made that the note produced was the one referred to and intended to be secured. If the date had been entirely omitted from the description, the mortgage would still have been good, and might have been foreclosed."

In *W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, at page 193 [191 Pac. 1027], the court says:

"It is not necessary to the validity of a mortgage that it should truly set forth the nature and character of the debt that it is intended to secure. (*Shirras* v. *Craig,* 7 Cranch [U. S.] 34 [3 L. Ed. 260], see, also, Rose's U. S. Notes.)" See, also, 41 C. J. 409, section 256.

In the case at bar the court found, in part, "that James L. O'Donahue executed the note and trust deed described in paragraph II of the answer to the second cause of action (being the Rogers note and trust deed); that said James L. O'Donahue in executing and recording said trust deed intended to secure the promissory note in the sum of $45,000, made payable to Frederick M. Kincaid, and that the recital in said deed of trust that said promissory note was made to Frederick M. Kincaid and Blanche D. Kincaid was an error and that the note intended to be secured by said James L. O'Donahue was the $45,000 note made payable to Frederick M. Kincaid, and that said deed of trust secured said note". The evidence amply supports such finding.

Counsel have not cited any cases in this state, and we have not found any, holding that the rules applicable to a mortgage containing an erroneous description of a note it secured, are applicable to a deed of trust. However, the question has been considered by other courts. The Supreme Court of Missouri says, in *Graham* v. *Finnerty*, (Mo. Sup.) 232 S. W. 129, at page 130:

"Appellant contends that because the deed of trust recited that 'whereas first parties (Finnerty and wife) have been jointly indebted to the third party for borrowed money in the sum of $6,000', to secure which with interest they have executed a note payable to said third party for $6,000, etc., and there having been no such joint indebtedness, and no such joint note, the deed of trust did not describe, and was not intended to secure, the $6,000 note, shown in evidence, executed by Thomas Finnerty alone, and consequently said deed of trust was void as to both Thomas Finnerty and his wife.

"But we hold that such a variance in the description of the note secured was not fatal and did not avoid the deed of trust as to Thomas Finnerty; that parol and extrinsic evidence of the circumstances and what was actually done by the parties was admissible to show the note actually intended to be secured. The evidence showed, and it was admitted, that the only $6,000 note and $150, interest notes corresponding in date, maturity and payee, . . . to the notes described in the deed of trust, were the said notes executed by said Thomas Finnerty alone, and by him transferred, as

secured by said deed of trust, as collateral . . . The conclusion is irresistible, therefore, that such individual notes of Thomas Finnerty were the notes intended to be secured by said deed of trust and described therein. . . . It is well settled that such a variance between the notes intended to be secured and their description in the deed of trust or mortgage is not fatal and does not impair the validity of such deed or mortgage." (Citing cases.)

The Texas Supreme Court in *Thompson* v. *Cobb,* 95 Tex. 140 [65 S. W. 1090, 93 Am. St. Rep. 820], had before it a trust deed having an erroneous description of the note which it secured. Quoting with approval from *Paine* v. *Benton,* 32 Wis. 491, the court stated the rule applicable as follows: " 'It is well settled, where the note agrees in some respects with that described in the mortgage, though it differs in others, that it may be proved by parol to be the note intended to be described in the mortgage.' " The court then says: "That this is the true rule, when the mortgage correctly gives sufficient particulars to enable the court, by the application of them, to identify the instrument produced, after rejecting the false particulars, is recognized without conflict in a great number of authorities, in which almost every variety of mistake in description is found. (Citing cases.) . . . These errors are to be rejected and the note identified by the remainder of the description, there being enough for the purpose; and parol evidence is admissible, if indeed it be necessary, for the purpose of identification."

It is urged that while the above rule may be proper in mortgage foreclosure proceedings, it cannot be applied to trust deeds. In that regard the court, in *Thompson* v. *Cobb, supra,* says:

"His (the trustee's) power comes from the deed of trust, properly construed with the aid of facts legally admissible in explanation of it. When the deed, considered with these facts, is found to secure a particular note, by the same process the power to sell is established because it is given to enforce the payment of such note. The power to sell existing, and being duly followed, the sale could not be void."

We think the rules of law declared in the above decisions are applicable to the issues presented in the case at bar. Applying these rules of law it is apparent that the

payment of the debt, as evidenced by the promissory note, is the obligation that is secured. Hence, if the note can be identified by the other description thereof in the trust deed and parol evidence, after rejecting all erroneous portions, the variance between the note described in the trust deed and the note actually evidencing the indebtedness is not fatal. The appellant's contention that, as the note described in the trust deed was never executed no trust ever came into being is, therefore, not maintainable. The transfer by Kincaid to Mrs. Rogers of the trust deed securing the payment of the debt, and the note actually executed evidencing the debt, placed her in position to cause the same to be foreclosed as provided under the terms of the trust.

Appellant further contends that the notice of default recorded by the trustee was insufficient, that is, that even though the trust constituted a valid lien on the premises, the sale was premature because of a failure to give the required notice under the provisions of section 2924 of the Civil Code. The notice was recorded in ample time to comply with the requirements of the statute. Hence, if sufficient in substance it was sufficient in law. Civil Code, section 2924, states the requirements of the notice of default as follows:

" . . . the trustee . . . shall first file for record, in the office of the recorder of each county wherein the . . . trust property or some part or parcel thereof is situated, a notice of default, identifying the . . . deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded or a description of the . . . trust property and containing a statement that a breach of the obligation for which such . . . transfer in trust is security has occurred, and setting forth the nature of such breach and of his election to sell or cause to be sold, such property to satisfy the obligation; . . . "

A reading of the notice of default reveals that it contains all the facts required to be contained therein by the provisions of the statute, and in addition thereto certain other statements of fact not required by statute or the terms of the trust, including the erroneous statement as to the names of the payee of the note, as shown by the error in the purported copy of the note set up in the trust deed. There is

no provision of the statute requiring the notice of default to show any fact relative to the original payee, unless such fact is 'necessary to make a description of the trust deed, and we do not think it is necessary here. Such a recital or any recital not required by statute or the terms of the trust is surplusage and does not have the effect of invalidating the notice of default. In other words, the requirements of the statute and the terms of the trust having been complied with, as to the notice of default, the notice of default was both proper and legal. The notice of sale having been given as required by statute and the terms of the trust, and the premises having been sold to Ellis Hill Rogers at the sale, the trustee's deed conveyed the trust estate to her, and any subsequent sale of the premises under and by virtue of any subsequent trust deed could not in anywise affect her interest in the property thus conveyed to her.

The conclusion we have reached herein makes it unnecessary to discuss other points raised on appeal. We are satisfied the evidence was sufficient to sustain the findings and that there is no error disclosed by the record on appeal.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1934.