[S. F. No. 11957. Department Two.—January 28, 1928.]

EDGAR H. ESKEW et al., Copartners, etc., Respondents, v. CALIFORNIA FRUIT EXCHANGE (a Corporation), Appellant.

M. G. Gallaher and Gallaher & Jertberg for Appellant.

W. M. Conley, Philip Conley and Matthew Conley for Respondents.

RICHARDS, J.—This action was instituted by the plaintiff, a copartnership, against the defendant corporation to recover damages for the alleged failure of the defendant to deliver to the plaintiff certain Zinfandel grapes during the season of 1924, pursuant to a contract in writing between the aforesaid parties so to do, which contract was in the words and figures as follows:

"Fresno, Calif., August 22nd, 1924.

"California Fruit Exchange, Seller, has sold and E. H. Eskew & Son, Buyers, have bought 5 cars Zinfandel grapes at $77.50 per ton, unlidded L. A. lugs, f. o. b. cars at Minkler, Calif., loaded in refrigerator cars. Shipping dates: Beginning Sept. 15, 1924, one car every other day till order is filled.

"Terms of payment: $1000.00 to be paid by Buyer on signing of this contract, receipt of which is hereby acknowledged, to be applied on payment as cars are loaded at the rate of $200.00 per car. Balance for each car to be paid when car is loaded.

"Said grapes to meet requirements of U. S. Grade No. 1.

"It is understood that this sale is contingent upon climatic conditions, fire, failure of transportation service, strikes or other casualties over which seller has no control and seller is hereby released from all liability hereunder in event of failure to ship said fruit on account of said casualties save

and except to return any part of advance payment which has not been applied on payment for cars shipped.

"E. H. ESKEW & SON,
"By E. H. ESKEW.
"CALIFORNIA FRUIT EXCHANGE,
"By L. G. HAIGHT, Dist. Mgr."

Pursuant to such contract the defendant delivered to the plaintiff at Minkler, in the county of Fresno, on September 15, 1924, one car of the variety and quality of the grapes required by the terms of said contract. A day or two later the defendant loaded two cars of grapes and these failed to pass the United States inspector as being U. S. Grade No. 1, as required in the contract, and plaintiff therefore refused to accept these two latter shipments of grapes; whereupon the defendant notified the plaintiff that owing to weather conditions existing just prior to that time in the Minkler district no more grapes which would grade U. S. No. 1 would be shipped. Upon the execution of said contract the plaintiff had advanced to the defendant the sum of $1,000 as required by the terms thereof, and which sum was to be applied as payment on such grapes as were accepted at the rate of $200 per car. After some conferences and correspondence between the parties, in the course of which the plaintiff urged the defendant to procure the grapes elsewhere if it was unable to supply them from the Minkler district, the defendant, on or about September 30, 1924, notified the plaintiff that it would not be in a position to fulfill its contract, and undertook to return to the plaintiff the sum of $800, the check for which, however, the plaintiff refused to accept as in full of the defendant's obligation, and accordingly returned the same to the defendant. Thereupon the plaintiff instituted the present action, setting forth in its complaint substantially the foregoing facts, and seeking damages in the sum of $3,173.12½ arising from the breach of said contract, and also seeking to recover the $800, balance of the plaintiff's advancement thereon. The defendant, in its answer, undertook to plead that in entering into said contract it was acting as the agent for other persons in the sale of carloads of grapes, and that its principals were disclosed and known to plaintiff at the time of making the contract. The defendant further pleaded that the contract referred to grapes to be grown in the Minkler

district and not elsewhere, and that since by reason of climatic conditions in said district it was unable to supply grapes available to meet the requirements of U. S. Grade No. 1 after the date of shipment of the first carload of grapes, it was absolved from liability under said contract. Upon the trial of the cause the court made its findings of fact and conclusions of law, wherein it found against the defendant upon both of its aforesaid defenses and directed judgment to be entered for plaintiff in the sum of $1,142.10 damages and for the further sum of $800, the amount of its unapplied advancement upon said contract. Judgment having been entered accordingly, the defendant has taken this appeal.

The only two contentions which are urged upon this appeal are, first, as to the proper interpretation of the terms of said contract, and, second, as to the proper estimation of damages for the breach thereof.　　The appellant insists that under the terms of the contract its sale and shipments of grapes were to be confined to grapes grown in the Minkler district, and that since upon the evidence and findings of the trial court no grapes measuring up to the standard required by the contract were to be procured in said district after the first delivery, it was not bound to make further deliveries under its said agreement. The interpretation which the trial court placed upon the contract was contrary to that for which the defendant contends in the foregoing regard. From an inspection of the contract we are satisfied that the interpretation placed upon it by the trial court must be upheld, since the sale and delivery of the grapes agreed to be supplied thereunder were clearly not confined to grapes grown in the Minkler district. The contract was a general and unqualified agreement for the sale of five carloads of grapes of a certain standard, and this being so it was the duty of the seller under the terms of the contract to procure the required quantity of such grapes from whatever place or places they were procurable, and even to go into the market, if necessary, and obtain the grapes required for the fulfilment of its contract. The findings of the trial court show that grapes of the kind and quality required by the terms of the contract were procurable in the very region, though not in the precise vicinity from which its shipments were to be made. This being so, the defendant was clearly liable

under the terms of its contract for its failure to procure and make delivery of the required quantity of grapes provided for in its agreement. The rule on that subject is well stated in the case of *Pearson* v. *McKinney*, 160 Cal. 649–654 [117 Pac. 919, 921], wherein it is stated as follows:

"Where one makes an unqualified agreement to sell goods to be delivered at a fixed time, or on demand of the buyer within a stated period, and it is inherently possible to obtain the goods, the fact that the seller may have expected to manufacture the goods himself, or to procure them from a certain source, and has been unable to complete or obtain them when delivery is due, does not excuse performance. In that event, his contract being unconditional and unqualified, he must go into the market if necessary and obtain the goods, and he will be liable in damages for nondelivery. (2 Mechem on Sales, sec. 1103.)"

The next and final contention of the appellant is that the court was in error in its admeasurement of damages for the breach of said agreement. This contention is based upon the theory that the contract for the delivery of the grapes was breached as to each carload thereof upon the failure of the defendant to deliver such carload on the date specified in the contract for the delivery thereof, and that this being so the plaintiff's damages should have been reckoned upon the basis of the market price of such grapes upon the date of the breach of each successive delivery and not upon the date when the defendant finally and expressly refused to make delivery of the remaining carloads of said grapes. We are satisfied, however, that under the terms of the contract and the evidence in the case the trial court was correct in its fixation of the date of October 2, 1924, as the time at which the plaintiff's damages for defendant's breach of its agreement were to be reckoned. Prior to that date and after the defendant's first failure to make delivery, in conferences between the plaintiff and the defendant the latter repeatedly promised to endeavor to fulfil the terms of its agreement, and it was only after the market price of Zinfandel grapes of the required quality had increased to $100 a ton that the defendant finally and on the 2d of October, announced its refusal to further endeavor to comply with the terms of its agreement. This being so, the latter date was properly adopted by the trial

court as the date upon which to ascertain the market value of grapes of the required kind and quality for the purpose of admeasuring the plaintiff's damages for the breach of the aforesaid agreement. It is not contended herein that having thus properly adopted such date the trial court made any error in calculation as to the amount of the plaintiff's recovery.

No other error appearing herein the judgment is affirmed.

Shenk, J., and Langdon, J., concurred.