[Civ. No. 1317. Fourth Appellate District.—March 4, 1935.]

VINCENT J. SQUILLANTE, Appellant, v. CALIFORNIA LANDS, INC. (a Corporation), Respondent.

Barbour, Kellas & Backlund and Edward L. Kellas for Appellant.

90

Farnsworth, Burke & Maddox for Respondent.

ALLYN, J., *pro tem.*—Plaintiff brought suit for damages for breach of contract to buy ten carloads of Zinfandel grapes "of good quality and color and of good sugar content" from the defendant. The agreement was made through an exchange of telegrams after the plaintiff had inspected defendant's vineyards and arranged that the grapes be packed by a certain packer and under defendant's brand. Five cars were delivered and then, due to heat damage, defendant was unable to harvest or ship any further grapes of the quality agreed upon. Plaintiff was so notified and in due course this action was brought and judgment given for the defendant. The defendant was a grower and not a dealer in grapes except in so far as was necessary to dispose of its own products.

Upon this appeal plaintiff submits that defendant was not relieved from its obligation to deliver the grapes by the crop losses caused by adverse weather conditions and hence that it was error to admit evidence on this issue. It is argued that the contract was a general undertaking to sell grapes of a given quality which the seller was to have ready at all events when delivery was due. This might well be true if the defendant were in the general business of packing and selling grapes (*Eskew* v. *California Fruit Exchange*, 203 Cal. 257 [263 Pac. 804]), but it is apparent here that the parties intended the sale and purchase of ten cars of grapes of a particular quality to be grown and produced in the vineyards of the defendant, to be packed by a named packer under the defendant's established brand which was used by it in marketing its own products. The sale being of a designated quality of a specific variety of grapes growing or to be grown in specific vineyards, and these vineyards being so far affected by extraordinary heat conditions that they did not produce sufficient grapes of the variety and quality named to comply with the contract, the defendant could be compelled to perform the contract only so far as it was possible for it so to do. It could not be compelled to perform impossibilities nor was it liable in damages for a failure to comply with its contract resulting from *vis major* not attributable to any fault on its part (*Ontario Deciduous Fruit Growers Assn.* v. *Cutting Fruit*

*Packing Co.,* 134 Cal. 21 [66 Pac. 28, 86 Am. St. Rep. 231, 53 L. R. A. 681] ; *Operators' Oil Co.* v. *Barbre,* 65 Fed. (2d) 857, 861).

The finding of the trial court on this issue is conclusive and is sufficient to sustain the judgment for the defendant. It is therefore unnecessary to review the questions raised as to the measure and proof of damages. They have been considered and found insufficient to justify a reversal.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.